NORTH AMERICAN TRUST COMPANY *v.* CHAPPELL.

Opinion delivered June 21, 1902.

1.  MORTGAGE—TRUSTEE'S SALE—DELEGATION OF AUTHORITY.—A trustee having authority to sell under a power contained in a mortgage has no authority to delegate to another the power to conduct the sale.  (Page 508.)

2.  APPEAL—HARMLESS ERROR.—Though the trial court erred in transferring a law case to equity and in dismissing the complaint upon the ground alleged in the decree, an affirmance will nevertheless be ordered if it appears that the dismissal of the complaint was proper upon another ground.  (Page 508.)

Appeal from Scott Circuit Court in Chancery.

STYLES T. ROWE, Judge.

Affirmed.

*Evans & Smith* and *W. J. Patterson,* for appellant.

The power of accepting title and conveying real estate is one universally incidental to corporations.  Thomps. Corp. §§ 5797-5799.  A person may do by an agent what he may do himself. 35 Ark. 198.  There was no usury in the contract.  32 Ga. 312. If by mistake or inadvertence an amount is charged as commission or interest, it would not constitute usury.  63 Ark. 225.  There must be an intention to charge usury.  63 Ark. 240; 54 Ark. 50; 9 Ark. 22; 25 Ark. 258; 62 Ark. 370.  Money paid to borrower's agent for the loan will not constitute usury.  51 Ark. 534; 51 Ark. 548; 54 Ark. 566; 67 Miss. 146.  There must be an agreement between the parties for an illegal rate of interest.  4 How. (Miss.) 575; 63 Ark. 249; 67 Ark. 252; 57 Ill. 138; 36 Wis. 390; 69 N. Y. 339; 54 Ark. 50, 574; 57 Ark. 256.  This is a Missouri contract. 83 Fed. Rep. 403; 86 Fed. Rep. 748; 88 Fed. Rep. 7; 96 Tenn. 599; 94 Fed. Rep. 914; 101 Fed. Rep. 12.

*Leming & Hon,* for appellees.

The transcript is incomplete, and this court will presume in favor of the correctness of the judgment of the lower court.  57

Ark. 304; 55 Ark. 548.   The transfer to equity was error.   65 Ark. 503.   The sale of the land was void.   69 Tex. 349.

HUGHES, J.   This is a suit in ejectment for the possession of land described in the complaint, upon which the plaintiff held a mortgage executed by the defendant and his wife to secure a note for $375, which they had given Samuel M. Jarvis, trustee for the Jarvis-Conklin Mortgage Trust Company, with power in said trustee upon default to sell and convey said land, and, in case of his absence from the state of Arkansas or refusal to act, to appoint some one to act in his place and stead, and in conformity with said power he appointed George S. Evans to act for him.   The plaintiff alleges that it became the owner of said land by purchase from the Western Investment Company, which became the owner of the same by purchase at the foreclosure sale under said mortgage made by said George S. Evans, substituted trustee as aforesaid.

Defendants in answer deny plaintiff's ownership; deny that the Western Investment Company became the owner of said land by purchase at trustee's sale; deny that George S. Evans sold said land as substituted trustee in the power of sale in the mortgage; deny that they were indebted to the Jarvis-Conklin Mortgage Trust Company; plead usury; and pray judgment.

The court, upon the showing made, transferred the cause to equity, over the objection and exception of the appellee, and proceeded to hear the case on the qustion of usury, and found and decreed that the contract set up, and sought to be enforced, was usurious and void, from which decree the North American Trust Company appealed, and appellee, having excepted to the court's action in transferring the cause to equity, prayed a cross appeal.

The proof shows that George S. Evans, substituted trustee, was not present at the sale under the mortgage, but that he was some 18 miles away, and that he did not make the sale, but that it was made by G. M. Grandstaff, sheriff.   The power to make the sale was personal to Evans, and could not be delegated to another. *" Delegatus non potest delegare."*   Therefore the sale was void, and no title passed by virtue of it.   *Stallings* v. *Thomas,* 55 Ark. 327.

There was no ground stated or shown for transferring the cause to equity.   The suit was in ejectment, at law, and, as we have seen, the alleged sale of the land by the substituted trustee, Evans, was void, and passed no title.   The judgment should have

been for the appellee at law.    We have therefore concluded to
affirm the judgment, as a judgment at law.

But, inasmuch as the appellant may have right to proceed
in equity, this judgment is without prejudice to his right to do so,
if he so elect.

Affirmed as stated above.