## POWELL v. MORRISON.

### Opinion delivered January 15, 1923.

MORTGAGES—SALE UNDER POWER—DELEGATION OF AUTHORITY.—A sale by an appointee of the trustee in a mortgage authorizing the trustee to appoint an agent to make such sale is valid, and not the exercise of an unauthorized delegation of power.

Appeal from Crittenden Circuit Court, Second Division; *J. M. Futrell,* Judge; affirmed.

*B. J. Semmes,* for appellants.

The power to make the sale could not be delegated to a person other than the trustee. 70 Ark. 507; 55 Ark. 327. The power being personal to Scithers and requiring discretion, he was under the duty of being present to exercise the discretion vested in him.

*Hughes & Hughes,* for appellees.

The deed of trust contained express authority for delegation by the trustee of the power to make the sale, and such delegated agent has all authority possessed by the trustee. The case in 55 Ark. 326 certainly conveys this meaning. See also 31 Cyc. 1427; 1 Mechem on Agency (2nd ed.) sec. 314; *Id.* p. 225. The party making the deed was competent to contract; the thing contracted for was not illegal nor contrary to public policy.

McCULLOCH, C. J.   This is an action to recover possession of a tract of land in Crittenden County, all of the parties claiming title from R. L. Powell, deceased, as the common source.   Appellants, the plaintiffs below, are the heirs at law of Powell, and appellees claim under the foreclosure of a deed of trust, with power of sale, executed by Powell.   The trust deed was executed to George H. Scithers, as trustee, to secure a debt to Caldwell & Smith, and it contained the following provision: "And for any sale hereunder the acting trustee is authorized to appoint an agent and auctioneer to make such sale, in the absence of the trustee, as fully and validly as if the trustee were present conducting the sale."

The sale was made by F. H. Carlisle, who was appointed by Scithers so to do, the appointment being in writing.   Scithers executed the deed to the purchasers at the sale made by Carlisle.

Counsel for appellants contend that the sale made by Carlisle was void because his appointment by Scithers was an unauthorized delegation of power.   They rely, in support of that contention, on the decision of this court in *North American Trust Co.* v. *Chappell,* 70 Ark. 507, but the contention of counsel does not find support in that case.   There was, in the present instance, express power conferred by the grantor in the deed of trust to the trustee to appoint an agent a substitute for the purpose of making the sale, and the authority was exercised strictly within those limits.

There is no principle of law that forbids a grantor in a deed from granting such authority to a trustee. 1 Mechem on Agency, sec. 306.   The judgment of the circuit court was therefore correct.

Affirmed.