### PRATT *v.* MEYER.

Opinion delivered April 29, 1905.

1. WRITTEN CONTRACT—PAROL EVIDENCE TO VARY.—Where an order for goods sold stipulated on its face that "separate verbal or written agreements with salesman" could not be binding on the vendors, and

that the vendees had no agreement or understanding with salesman except as printed or written on the order, the vendee, when sued for the purchase price of the goods, cannot prove as a defense that plaintiff's salesman agreed not to sell their goods to any other person in the city.   (Page 210.)

2.   SALE—WARRANTY—WAIVER BY FAILURE TO GIVE NOTICE OF DEFECT.— Where goods were sold by sample, with warranty as to quality, and it was stipulated that the vendees would examine them promptly upon their delivery, and that, if they failed to comply with the warranty, the vendees should, within five days from date of delivery, give notice of such failure to the vendors, but, if such notice was not given, the warranty should be waived, the failure to give the notice was an acceptance of the goods and a waiver of the warranty.   (Page 210.)

Appeal from Craighead Circuit Court, Jonesboro District.

HANCE N. HUTTON, Judge, on exchange of circuits.

Reversed.

*Frierson & Frierson,* for appellants.

The representations of the salesman were not fraudulent, and did not entitle Meyer to rescind the contract.   14 Am. & Eng. Enc. Law, 34, 118; 1 Ark. 31; 2 Mech. Sales. § 870; 38 Ark. 351; 6 Ark. 513; 7 Ark. 167; 11 Ark. 58; 19 Ark. 522; 27 Ark. 244; 47 Ark. 165; 38 Ark. 342; 26 Ark. 28; 31 Ark. 170; 22 Ark. 459; 23 Ark. 289; 14 Am. & Eng. Enc. Law, 85; 98 N. W. 923.   The salesman had no authority to promise Meyer a monopoly, and Meyer had notice of his lack of authority.   48 Ark. 138; Mech. Ag. § 289; 1 Am. & Eng. Enc. Law, 987, 1016; 37 L. R. A. 598.   Meyer accepted the goods, and lost any right to rescind.   14 Am. & Eng. Enc. Law, 159; 2 Mech. Sales, § § 942, 1380, 1387, 1392; 84 S. W. 557; 15 N. E. 608; 53 N. W. 1047; 43 N. W. 927; 84 Mich. 533; 43 Minn. 23; 45 Minn. 190; 133 N. Y. 140; 63 Ark. 331.   The testimony of appellee's witnesses was incompetent.   Bradner, Ev. 523; 12 Enc. Pl. & Pr. 424; 2 Jones, Ev. 361; 1 Greenleaf, Ev. § 52; 1 Jones, Ev. § 140.

BATTLE, J.   Walter Pratt & Company brought an action against Max Meyer, before a justice of the peace of Craighead County, for $133.38, upon a written contract by which the plaintiffs agreed to sell and deliver to the defendant a bill of perfumes, soaps and toilet articles.   In the justice's court plaintiffs

recovered judgment. Meyer appealed, and the trial in the circuit court resulted in a verdict for defendant. Plaintiffs appealed. The order for the goods, signed by Meyer and by the salesman of the appellant on February 12, 1902, is as follows:

"Jonesboro, Ark., February 12, 1902.
"Walter Pratt & Company, Chicago, Ill.:

"Gentlemen—Please ship us, care Burlington, Cedar Rapids & Northern Railway, the assortment of goods listed above, like sample shown us by your salesman, at the prices specified, and in accordance with all the terms above specified, which we have carefully read and find to be complete and satisfactory. We have no agreement or understanding with salesman except as printed or written on this order. Receipt of duplicate of this order from your salesman is hereby acknowledged.

[Signed.]                         "Max Meyer,
                                  "Walter Pratt & Company,
                                  "By M. Sankey, Salesman."

A further provision of the contract was "separate, verbal or written agreements with salesmen are not binding on Walter Pratt & Company. All conditions of sale must be shown on this order."

The only warranty in the written contract is as follows: "Warranty. All goods are warranted to be same in quality, material and in all other respects as samples shown by salesman. The purchaser agrees to examine and inspect the goods at once upon their arrival at destination; and if said goods fail to comply with said warranty, he shall, within five days from date of arrival at destination, give detailed written notice of such failure by registered letter to Walter Pratt & Company, Chicago, Ill.; otherwise, all warranty of said goods is waived." The goods were delivered to Meyer before April 9, 1902. No written notice, by registered mail or otherwise, was received by appellants, within five days after the arrival of the goods, of the claim that the goods failed to conform to sample.

One witness, in behalf of appellants, testified, in substance, as follows: "That the goods sold and delivered Meyer were of the exact quality called for in the contract of sale. That witness filled the requisition from the shipping department from

the general stock of Walter Pratt & Company; that the salesman, Sankey, was provided with a full line of samples of the goods named in the contract, of identically the same kind as were shipped Meyer; that the quality of the goods could be determined by an examination of the samples, and any defects could have been discovered by examining the samples; that the goods sold Meyer were manufactured and were handled by the plaintiffs as merchants, a large stock being kept on hand, and replenished from time to time by the manufacturing department. The goods were in stock when sold to Meyer. A business man ought to be able to check up and ascertain in a few hours and to determine whether or not the goods complied with the contract in quantity and quality, and a day or two would be a reasonable time for an ordinarily intelligent business man to ascertain whether or not the goods were merchantable and reasonably fit for the purpose for which they were sold. Ordinarily, such an examination would be made in a few hours. There were no defects in the goods which could not have been determined by examination of the samples."

Appellee testified over objections of appellants as follows: "The agent who sold the goods to him told him that it was the custom of his house to sell only one party in such a town as Jonesboro; and that, if he would buy the bill of goods, he would not sell to any one else in Jonesboro." He further testified: "That the goods came, and he checked them over as to the number of packages. That he sold a number of the bottles of perfume, and that all parties to whom he sold brought the bottles back, with the statement that the odors were not lasting; that he discovered that G. W. Culberhouse & Company, of Jonesboro, had purchased a bill of the same goods from the same salesman. That in his opinion the goods shipped to him were not equal in quality to the samples shown him by the salesman."

Other evidence was adduced by both parties.

The court instructed the jury, in part, over the objections of the appellant, as follows: "One of the defenses to the contract is that the plaintiff agreed with the defendant that he would only sell to the defendant in the town of Jonesboro, and to no other party, giving him a monopoly of the goods,

14

wares and merchandise so sold. If you find from the evidence that he violated that portion of his contract, and sold to other parties, and that was the inducement of Meyer to enter into the contract, that would be sufficient under the law to avoid the contract."

And refused to instruct the jury at the request of the appellant as follows: "You are instructed that the only warranty of the goods in this case was the warranty that the goods delivered to Max Meyer should be equal to the sample exhibited by salesman. And, before you can find that there was a breach of warranty, defendant, Max Meyer, must show by preponderance of evidence that the goods delivered by plaintiffs to defendant were not equal in quality to the samples exhibited to said Meyer by salesman of plaintiffs; and, even if you find that such was the case, you cannot find that there was a breach of warranty, unless you further find from a preponderance of the evidence that, within five days after receiving the goods, Max Meyer sent notice by registered letter to Walter Pratt & Company, Chicago, Ill., that he claimed the goods were not equal to sample."

The agreement of appellants to sell their goods to appellee and to no other person in Jonesboro was no part of their written contract, and could not be pleaded or proved as a defense. They reduced their contract to writing, and it cannot be varied or added to by parol evidence. They stipulated in their contract that "separate verbal or written agreements with salesmen" should not be binding on appellants, and that they had no agreement or understanding with salesman, except as printed or written on the order sued upon. The agreement relied upon as a defense is alleged to have been made with a salesman of appellants. The evidence admitted to prove it was incompetent, and the instruction based upon it was erroneous and contrary to law.

The instruction requested by appellants and refused by the court should have been given. The goods purchased by appellee were sold to him by samples. In the contract sued upon they were warranted by appellants to be the same in quality, material and in all other respects as samples, and it was stipulated that the appellee should examine them promptly upon their delivery, and, if they failed to comply with the warranty,

he would, within five days from date of delivery, give notice of such failure to appellants; and, if such notice was not given, all warranty of the goods should be waived. This is a valid contract, and the failure to give the notice within the five days was an acceptance of the goods and a waiver of the warranty; and the sale became absolute. *Potter* v. *Lee,* 94 Mich. 140; *Gentilli* v. *Starace,* 133 N. Y. 140; 2 Mechem on Sales, § § 1380-1384, and cases cited.

Reversed and remanded for a new trial.