DUFFIE v. PRATT.

Opinion delivered June 17, 1905.

1. SALE WITH WARRANTY—WAIVER.—Where goods were sold by sample, with warranty as to quality, and it was stipulated that the vendees should examine and inspect the goods at once upon their delivery, and that, if they failed to comply with the warranty, the vendees should, within five days from date of delivery, give notice of such failure to the vendors, but, if such notice was not given, the warranty should be waived, the failure to give the notice was an acceptance of the goods, and a waiver of the warranty. *Pratt* v. *Meyer*, 75 Ark. 206 followed. (Page 79.)

2. CONTRACT OF SALE—WHEN SEVERABLE.—Where a contract for the sale of a bill of goods embraced numerous items, each of which was sold by sample, and was warranted to be the same in quality as the sample, and the price to be paid was apportioned to each item, the contract was severable, and the purchaser was bound to accept such of them as corresponded to the samples. (Page 80.)

3. SAME—RESCISSION.—In the case of a severable contract of sale of numerous articles of merchandise by sample, the purchaser was not entitled to rescind the entire contract because one of the articles did not come up to the sample. (Page 81.)

4. WARRANTY—WHEN BROKEN.—Where a contract for the purchase of a bill of goods was severable, and not entire, and stipulated that the vendors warranted each article to be the same in quality as the sample furnished, but that the warranty would be waived by failure to give notice of its breach within five days after delivery of the goods, the acceptance of each article depended upon a distinct test, and the purchasers could not claim a breach of warranty as to the entire contract because one article failed to come up to the sample. (Page 81.)

5. SAME—GUARANTY OF PROFITS AS AFFECTING SEVERABILITY.—The fact that a contract for the sale of a bill of goods contained a guaranty of profits for a term of years from all goods purchased during the year did not affect the severability of the contract. (Page 81.)

Appeal from Garland Circuit Court.

CHARLES D. GREAVES, Special Judge.

Affirmed.

*Wood & Henderson,* for appellants.

The contract was not a severable one. 7 Am. & Eng. Enc. Law, 95; 75 Ill. 205; 41 N. E. 465; 43 N. W. 864; 44 Pac. 544; 84 Am. Dec. 728.

*Leslie & Huff,* for appellees.

The contract sued on was a severable one, consisting of several distinct items, and founded on a consideration apportioned to each. Beach, Contracts, § 731; 40 Cal. 251; 66 Pa. St. 351. Appellants failed in their defense as to the quality of the goods. Mech. Sales, § § 1320, 1328; 7 Allen, 29; 30 Oh. St. 671; 1 Wall. 359.

BATTLE, J. This action was instituted by Walter Pratt & Co. against S. M. Duffie & Co. upon the following written contract:

"Walter Pratt & Co. hereby guaranty that the purchaser's gross profit from the sale of the perfumery and toilet preparations bought under this order and hereafter purchased of said firm will not be less than 33 1-3 per cent. of the amount of this order each year for a period of three years from date of invoice, and the said Walter Pratt & Co. further agree and hold themselves bound at the end of each year, if the gross profits do not amount to 33 1-3 per cent. of the amount of this order for that year, to pay to the purchaser a sufficient sum of money by New York or Chicago draft to make up the deficiency, if there be any, or to buy back at the purchase price at the expiration of this agreement all goods remaining on hand at that time. The foregoing is conditional on the purchaser keeping the goods tastefully displayed in his store in the show case furnished by us for that purpose, purchasing from us at least semi-annually sufficient goods to keep this department complete and up to the

amount of this order, making settlement for all goods purchased of us as provided in order, sending us by registered mail at the end of each year a complete and accurate list of all goods sold, with a correct inventory of all goods on hand at that time, allowing no article to go for a less profit than is usually made on this class of goods, and using reasonable diligence in promoting the sale of these goods. Goods shipped to purchaser and not on hand or returned will be considered sold. Bond to be filed with Security Bank covering all agreements in the order.

"Exchange—Any goods contained in this order may be returned to us for exchange at any time. To protect us from unreasonable demands for exchange, we require that goods so returned must be accompanied by a new order for goods of an equal value. We pay freight to factory on goods returned for exchange.

"Warranty—All goods are warranted to be same in quality, material and in all other respects as samples shown by salesman. The purchaser agrees to examine and inspect the goods at once upon their arrival at destination, and if said goods fail to comply with said warranty he shall within five days from date of arrival at destination give detailed written notice of such failure by registered letter to Walter Pratt & Co., Chicago, Ill.; otherwise, all warranty of said goods is waived. Goods cannot be returned for credit on account, except as herein provided.

"We deliver all goods to purchaser by delivering them to the transportation company herein specified, purchaser to pay all transportation charges.

"The following is the list of goods contained in this order:

|  |  |  | Per Doz. | Am't. | R't'l. |
|---|---|---|---|---|---|
| 4 | Doz. | Handkerchief Extracts, assorted, on easel... | $ .75 | $ 3.00 | $ .10 |
| 2 | " | Handkerchief Extracts, assorted, No. 745... | 2.00 | 4.00 | .25 |
| 3 | " | Handkerchief Extracts, assorted, No. 755... | 4.00 | 12.00 | .50 |
| 4 | " | Sachet Powders ......................... | .75 | 3.00 | .10 |
| 2 | " | Persian Violet Perfume .................. | .40 | .80 | .05 |
| 1 | " | Princess Toilet Water, No. 237........... | 4.00 | 4.00 | .50 |
| ½ | " | Princess Toilet Water, No. 247........... | 4.00 | 2.00 | .75 |
| 1 | " | Farina Cologne ......................... | 4.00 | 4.00 | .50 |

| | | | | | |
|---|---|---|---|---|---|
| 2 Doz | | Velvet Talcum Powder.................... | .75 | 1.50 | .10 |
| 1 | " | Roger's Hair Grower ..................... | 6.00 | 6.00 | .75 |
| 1 | " | Benzo Hazel Cream ..................... | 2.00 | 2.00 | .25 |
| 2 | " | Mentholated Cream ..................... | 4.00 | 8.00 | .50 |
| 1 | " | Invisible Toilet Powder (white)........... | 2.00 | 2.00 | .25 |
| 1 | " | Invisible Toilet Powder (flesh)............ | 2.00 | 2.00 | .25 |
| 1 | " | Pratt's Velvette .......................... | 6.00 | 6.00 | .75 |
| 1 | " | Pratt's Dentifrice ........................ | 2.00 | 2.00 | .25 |
| 1 | " | Pratt's Tooth Powder..................... | 1.65 | 1.65 | .25 |
| 3 | " | Rosalana ................................. | 4.25 | 12.75 | .50 |
| 1 | " | Princess Tissue Developer ................ | 6.25 | 6.25 | .75 |
| 2 | " | Pratt's Toilet Soap ...................... | .75 | 1.50 | .10 |
| 2 | " | Quinine Hair Tonic ...................... | 6.00 | 12.00 | .75 |
| 1 | " | Foot Relief ............................. | 2.00 | 2.00 | .25 |
| 1 | " | Invisible Complexion Powder (white)..... | 4.00 | 4.00 | .50 |
| 1 | " | Invisible Complexion Powder (flesh)...... | 4.00 | 4.00 | .50 |
| 1 | " | Invisible Complexion Powder (Brunette).. | 4.00 | 4.00 | .50 |
| 1 | " | Cherry Lip Pomade ...................... | 2.00 | 2.00 | .25 |
| 2 | " | Pratt's Shampoo Powder ................. | 2.00 | 4.00 | .25 |
| ½ | " | Bulk Sachet Powder, violet............... | 3.00 | 1.50 | |
| ½ | " | Bulk Sachet Powder, rose................. | 3.00 | 1.50 | |
| ½ | " | Bulk Sachet Powder, heliotrope........... | 3.00 | 1.50 | |
| ½ | " | Crushed Sachet Powder, carnation........ | 3.00 | 1.50 | |
| ½ | " | Crushed Violet Handk'f Extract, No. 923... | 4.00 | 2.00 | .50 |
| ½ | " | Crushed Violet Handk'f Extract, No. 946... | 6.00 | 3.00 | .75 |
| ½ | " | Persian Rose Handk'f Extract, No. 933..... | 4.00 | 2.00 | .50 |
| ½ | " | Persian Rose Handk'f Extract, No. 956..... | 6.00 | 3.00 | .75 |
| 1 | " | Pearl Toilet Powder ..................... | .75 | .75 | .10 |
| 1 Bottle | | Pink Bulk Perfume, White Rose ......... | 4.00 | 4.00 | |
| 1 | " | Pink Bulk Perfume, White Lilac ........ | 4.00 | 4.00 | |
| 1 | " | Pink Bulk Perfume, Frangipanni ......... | 4.00 | 4.00 | |
| 1 | " | Pink Bulk Perfume, Snow Lily .......... | 4.00 | 4.00 | |
| 1 | " | Pink Bulk Perfume, Jockey Club ........ | 4.00 | 4.00 | |
| 1 | " | Pink Bulk Perfume, Heliotrope .......... | 4.00 | 4.00 | |
| 1 | " | Pink Bulk Perfume, Blue Gentian ....... | 4.00 | 4.00 | |
| 1 | " | Pink Bulk Perfume, Jasmine ............. | 4.00 | 4.00 | |
| 1 | " | Pink Bulk Perfume, Red Carnation ...... | 4.00 | 4.00 | |
| 1 | " | Pink Bulk Perfume, Crab Apple Blossom. | 4.00 | 4.00 | |
| 1 | " | Pink Bulk Perfume, Swiss Violet ........ | 4.00 | 4.00 | |
| 1 | " | Pink Bulk Perfume, Wild Thorn Blossom. | 4.00 | 4.00 | |
| 1 | " | Pink Bulk Perfume, Crushed Violets .... | 6.00 | 6.00 | |
| 1 | " | Pink Bulk Perfume, Persian Rose ....... | 6.00 | 6.00 | |

Total amount of this order..................    $194.20

1 Atomizer.

1500 Circulars advertising this line of goods.

1500 Circulars describing the pictures going with the Perpetual Advertising System.

     Name and address of purchaser printed on above circulars.

3 Bottles of Perfumery, retail price 50c each, to pay for distributing circulars.

1 Graduate.

6 Portfolio, No. 5607, containing 10 sample pictures belonging to the Advertising System.

100 Booklets, "Suggestions."

8 Sterling Silver Thimbles, assorted sizes.

97 Envelopes containing advertising and drafts good for one Sterling Silver Thimble each, mailed by Walter Pratt & Co. to a list of 97 names furnished by the purchaser.

1 Walter Pratt & Co. Regulation Oak Show Case, wood doors and wood shelves. Size 21 in. wide, 48 in. long, and 40 in. high.

"Terms—Five per cent. fifteen days from date of invoice, or two, four and six and eight months net, divided into four equal payments, each for one-fourth of the amount of this order. When long terms of credit are taken, account must be closed by notes without interest, due in two, four, six and eight months from date of invoice. Accounts not closed as provided above will be subject to sight draft without further notice. Separate verbal or written agreements with salesmen are not binding upon Walter Pratt & Co. All conditions of sale must be shown on this order.

"Positively no goods on commission or open account. This order not subject to countermand.

                     "Hot Springs, Ark. Feb. 27, 1902.

"Walter Pratt & Co., Chicago, Ill.—Gentlemen: Please ship us, care of Burlington, Cedar Rapids & Northern Ry., the assortment of goods listed above, like samples shown us by your salesman, at the prices specified and in accordance with all the terms above specified, which we have carefully read and find to be complete and satisfactory. We have no agreement or understanding with salesman except as printed or written on

this order. Receipt of duplicates of this order from your salesman is hereby acknowledged.

"Name of purchaser, S. M. Duffie & Co.

"WALTER PRATT & Co.

"By M. Sankey, Salesman."

In making the foregoing contract, plaintiffs were represented by a traveling salesman, who sold the goods referred to in the contract to the defendants by samples exhibited to them at the time the order was made. The goods were shipped, and were received by the defendants on the 9th of March, 1902. On the 17th of the same month they notified the plaintiffs of the receipt. Defendants tested the White Lilac perfume, which was sold to them at the price of $4, and, on a day subsequent to the 17th of March, 1902, refused to accept the goods, because the lilac perfume did not correspond to the sample by which it was sold to them. They did not test any of the remainder of the goods by the samples by which the same were sold.

According to the terms of the contract, the defendants waived the warranty and accepted the goods, and thereby became bound to pay for them, having failed to give notice of the failure of the goods to comply with the warranty within five days after they (defendants) received them. *Pratt* v. *Meyer*, 75 Ark. 206.

But the defendants asked the court to instruct the jury as follows: "4. The contract between plaintiffs and defendants is an entire contract; and defendants were not required to accept any of said goods, if any material part of the goods shipped under said contract were different and inferior in quality from the goods ordered."

The court refused to instruct the jury as asked, but instructed them as follows:

"The contract shows that several articles of goods were included in one and the same order, and that a price was fixed in said contract for each separate article. I therefore instruct you that said contract is not an entire, but a severable contract; and if any of said articles correspond with the samples, then defendants were bound to accept each of said articles as cor-

responded with samples, and are liable to plaintiffs for the value thereof, as the same were fixed in said contract.

"If you find from the evidence that the defendants, within a reasonable time after the receipt of the goods mentioned in said contract, examined a bottle of lilac mentioned in said contract as bulk perfume, and upon such examination it was found that said bottle of lilac did not correspond with the sample, then defendants had the right to refuse to accept said bottle of lilac.

"If defendants did not examine any of said goods except a bottle of lilac, then they are bound to have accepted all of said goods which they did not examine, and are liable to plaintiffs for the value thereof, as the same are fixed in said contract.

"If you find from the evidence that the bottle of lilac mentioned in said contract as bulk perfume did not correspond with the sample, then you will find that that is evidence tending to show that all the bulk perfume mentioned in said contract did not correspond with the samples; and if you find that the bulk perfume mentioned in said contract did not correspond with the samples, then defendants had the right to refuse to accept said bulk perfume; and if they did refuse to accept the same, they are not liable to plaintiff therefor."

The jury returned a verdict for plaintiffs in the sum of $134.20. They evidently deducted from the amount of the order $60, the aggregate price for which the "bulk perfumes" sold. The defendants appealed.

Assuming that the question as to the nature of the contract was properly raised in the trial court, was the contract sued on entire or severable?

Mr. Parsons, in his work on the Law of Contracts, says: "Any contract may consist of many parts; and these may be considered as parts of one whole, or as so many distinct contracts entered into at one time, and expressed in the same instrument, but not thereby made one contract. No precise rule can be given by which this question in a given case may be settled. Like most other questions of construction, it depends upon the intention of the parties, and this must be discovered in each case

by considering the language employed and the subject-matter of the contract. If the part to be performed by one party consists of several distinct and separate items, and the price to be paid by the other is apportioned to each item to be performed, or is left to be implied by law, such a contract will generally be held to be severable." 2 Parsons on Contracts (9th Ed.), bottom page 672.

Judged by this citation, the contract in this case is severable. The list of goods embraced in the order sued upon consists of fifty items, with the price for which each sold placed opposite the same, amounting in the aggregate to $194.20. The price of no single item exceeds $12.75. Each item was sold by a sample, and was warranted to be the same in quality, material and in all other respects as sample; the contract as to each article, in that respect, being different; and the purchaser was furnished with a sample to enable him to determine whether the goods shipped were such as he agreed to buy. The acceptance of each depended upon a distinct test; and the price to be paid for each was stipulated. According to the general rule in such cases, the contract is several. *Lucesco Oil Company* v. *Brewer,* 66 Pa. St. 351; *Wooten* v. *Walters,* 110 N. C. 251, 256; Beach, Contracts, § 731; Clark, Contracts (2d Ed.), page 453.

The guaranty of profits set out in the paper sued on does not affect the severalty of the contract of sale. It applied to all the goods purchased in the same year, and was to continue for three years. The sale was in no way dependent on it.

Appellants have no right to complain of the judgment against them.

Affirmed.