PRATT *v.* METZGER.

Opinion delivered March 10, 1906.

1. SALE—WARRANTY—WAIVER.—Where goods were sold by sample, with warranty as to quality, and it was stipulated that the vendee should examine them promptly upon their delivery, and that if they failed to comply with the warranty he should, within five days from the date of delivery, give notice of such failure to the vendors, the failure to give the notice was an acceptance of the goods and a waiver of the warranty, and the sale became absolute. (Page 181.)

2. CONTRACT—MISTAKE.—In the absence of fraud, a party who had opportunity to examine a written contract before signing it can not sub-

sequently be heard to say that when he signed it he did not know what it contained. (Page 181.)

3. CONTRACT OF SALE—SEVERABILITY.—Where a contract for the sale of goods embraced numerous items, sold by samples and warranted to be the same in quality as the samples, and the price to be paid was apportioned to each item, the contract was severable, and the purchaser was bound to accept such of them as corresponded to the samples. (Page 181.)

4. INSTRUCTION—ABSTRACTNESS.—An instruction that is not based upon the evidence should not be given. (Page 181.)

5. SALE—WARRANTY OF SUITABILITY.—Where there was no express or implied warranty that goods sold were suitable for the uses for which they were bought, it was improper to instruct the jury that the purchaser was not bound to accept them unless they were suitable for the purposes for which they were purchased. (Page 182.)

Appeal from Conway Circuit Court; *William L. Moose,* Judge; reversed.

*W. P. Strait,* for appellant.

1. Where a warranty is upon condition, or when some duty is devolved upon the purchaser by the terms of the warranty, such condition must be fulfilled upon his part before he can interpose the breach as a defense. 28 Am. & Eng. Enc. Law, 830; 75 Ark. 206; 76 Ark. 74; 71 Iowa, 101; 36 Kan. 439; 18 S. W. 789; 3 Wash. 603. The vendee must show that the conditions have been complied with. 14 Pa. St. 211; 21 Barb. 236; 1 Iowa, 531; 11 N. E. 206; 12 N. E. 495; 55 N. W. 580; 11 Neb. 116. Where the vendee refuses to comply with his part of the contract, he puts it out of his power to rescind. 88 Iowa, 607.

2. If a party signs a contract without reading it, or relying upon the representations of a stranger, he is nevertheless bound by it, and can not testify to an understanding of it contrary to its written terms. 71 Ark. 185; 46 Ind. 116; 43 Iowa, 561; 106 Ind. 406; 14 Ind. 499; 50 Cal. 558; 67 Iowa, 547; 59 Iowa, 416; 71 Ill. 456. See also 12 Neb. 438; N. Y. 640; 11 Utah, 29; 130 U. S. 643.

3. The court erred in refusing instruction 3 asked for by appellant. A contract having several distinct items, and founded upon a consideration apportioned to each, is severable, 76 Ark. 74; Beach, Contracts, § 731; 40 Cal. 251; 66 Pa. St. 351.

4. The court erred in giving its instructions "A," "C" and "D." 30 Am. & Eng. Enc. Law (2 Ed.), 203, 204 and notes; 35 Mo. 229; 55 Am. St. Rep. 837; 79 Mo. 264; 116 Wis. 130; 68 Iowa, 94. See also 15 Am. & Eng. Enc. Law, 1227; Benj. on Sales (6 Ed.), § 667; 2 East, 314; 72 Ala. 288; 67 Minn. 329.

*Sellers & Sellers,* for appellee.

BATTLE, J. This case is very much like *Pratt* v. *Meyer,* 75 Ark. 206. Walter Pratt & Company brought an action against M. A. Metzger, before a justice of the peace of Conway County, for $198.88, upon a written contract by which the plaintiffs agreed to sell and deliver to the defendant a bill of perfumes, soaps and toilet articles. In the justice's court the defendant recovered judgment, and the plaintiffs appealed to the circuit court, where the defendant was again successful, and plaintiffs appealed to this court.

The same order for the goods was given in this case as was given in *Pratt* v. *Meyer, supra,* and the same warranty was made and on the same conditions. The same evidence, substantially, was adduced by the plaintiffs in the two cases.

Appellee testified over the objections of appellants as follows: "And in the contract I never noticed about notes at all until that night I sat down and read it, and I noticed it said 'notes.' * * * I wrote that I didn't notice that the contract called for notes, and that I didn't make any notes at all," and that the goods purchased were not suitable for his trade.

The court refused to instruct the jury, at the request of appellants, as follows:

"1. The failure to comply with reasonable conditions imposed by the contract of sale is fatal to the vendee's remedy for a breach of the warranty, whether he attempts to exercise it by action on the warranty or by setting up a breach of the warranty in defense of an action for the price by the seller. The law is well settled that where an express warranty is upon condition, or where duty is devolved upon the purchaser by the terms of warranty, such condition must be fulfilled or such duty performed before an advantage can be taken of a breach of such warranty.

"2. A party is bound to know the contents of a writing signed by him; and if he signs it without reading it, or relying

upon the representations of a stranger, he is nevertheless bound by the contract, and can not testify as to his understanding of the contract, different from the plain, written terms of the contract.

"3. A contract, having several distinct items and founded upon a consideration apportioned to each, is severable. If you find that a part of the articles covered by the contract is in grade, kind and quality as therein provided, and they have a value or price apportioned to them, separate from the price of other goods not up to contract price and grade, then you will find for the plaintiff for the price of goods which are equal in grade to that provided by the contract."

And instructed them, over the objections of the appellants, as follows:

"A. If you find from the testimony that the goods were inferior in quality to the samples by which they were sold, and that the defendant, on receipt of the goods, notified the plaintiff, or the plaintiff's attorney, that he declined to accept the goods because of the fact that they were not equal to the samples by which they were sold, and if the defendant has not yet accepted the goods, your verdict should be for the defendant.

"C. If the original contract was induced by fraudulent representations made by the representative of the plaintiff, then, when Mr. Metzger discovered that he had been imposed upon, if the fact was true, he would have a right to repudiate the whole contract. I doubt if he would be required to give anybody notice. If that is true, the original contract was fraudulent. If he notified the attorney of plaintiff that he declined to accept the goods, in my opinion the notice was sufficient, although the contract may have required a written notice to be sent to the Chicago office, Then, if you find the contract binding, on the other hand, the notice would not be sufficient.

"D. If the proof shows the plaintiffs were manufacturers of the goods sold to the defendant, that the use for which the defendant bought or contracted for the goods was known by the plaintiffs, or the agent making the sale, then the law would imply an agreement and warranty upon the part of the plaintiffs that the goods were suitable for the uses bought for, and the defendant would be under no obligation to accept them; provided,

also, that it appears that the goods were inferior to the samples by which they were sold."

The first instruction asked for by the appellants was based upon the contract sued on, and should have been given. Appellee agreed, as a part of the contract, "to examine and inspect the goods at once upon their arrival at destination, and, if said goods fail to comply with said warranty, he shall, within five days from date of arrival at destination, give detailed, written notice of such failure by registered letter to Walter Pratt & Company, Chicago, Ill.; otherwise all warranty of said goods is waived." This was held to be a valid contract in *Pratt* v. *Meyer, supra,* "and it was also held that the failure to give the notice within the five days was an acceptance of the goods and a waiver of the warranty, and the sale became absolute."

As to the second instruction asked for by the appellants, it is sufficient to say that there was no evidence that the execution of the contract sued on was obtained by fraud, such as misreading, surreptitious substitution of one paper for another, or by some other trick or device; and that the evidence proved that he had the opportunity to examine it before signing it; and that he can not now be heard to say that when he signed it he did not know what it contained. *Colonial & United States Mortgage Co.* v. *Jeter,* 71 Ark. 185.

The testimony of the appellee as to his failure to notice what is said in the contract about the giving of notes, admitted over objections of appellants, should have been excluded.

The third instruction asked for by appellants should have been given. *Duffie* v. *Pratt,* 76 Ark. 74.

The instruction given by the court on its own motion, and numbered "A," ignores the contract sued on. The goods were sold by samples, and the appellants warranted them to be the same in quality, material and in all other respects as samples. The contract provided that the appellee should "examine and inspect the goods at once upon their arrival at destination, and, if said goods fail to comply with said warranty, he shall, within five days from date of arrival at destination, give detailed, written notice of such failure; otherwise, all warranty of said goods is waived." A detailed, written notice was to be given within five days from date of arrival of goods at destination. Under the in-

struction of the court such notice was not necessary, notwith-standing it was a condition of the warranty and sale. Instruction "A" was erroneous.

We fail to find any evidence in the record upon which to base the instruction of the court numbered "C," and it should not have been given.

Instruction numbered "D" should not have been given. The only warranty, express or implied, made by appellants as to the quality, material or otherwise, of the goods sold was that they were the same as the samples. There was no warranty that they were suitable for the uses for which they were bought. The evidence admitted to show that the goods purchased were not suitable for appellee's trade was incompetent.

Reverse and remand for new trial.