**ASSOCIATED MFG. CO. v. JORDAN et al.
(No. 1693.)**

(Court of Civil Appeals of Texas. Amarillo. July 3, 1920.)

**1. Sales ⬅62—Where contract specifies price of each article, buyer could not reject all for defect in one.**

Where contract of sale of cream separators specified the price of each machine, buyers were not entitled to reject all because of a defect in one; the contract being several, and not entire.

**2. Sales ⬅124—Buyers must return or tender goods in order to rescind.**

Buyers, in order to support their right to rescind contract, must show a return or tender of the goods to the seller.

**3. Sales ⬅124—Buyers' shipment of goods to seller's predecessor held not a sufficient tender.**

Shipment of goods by buyers to seller's predecessor, without giving seller notice of the shipment or the arrival of goods at destination until after goods were subject to storage charges, for which the seller was not liable, held not a sufficient tender to entitle buyers to rescind contract, in absence of evidence that seller was doing business in the name of the predecessor, so as to be chargeable with knowledge of the shipment.

**4. Sales ⬅124 — Buyer, unable to restore goods through his own fault, cannot rescind.**

Buyer, who is unable because of his own fault to restore property to seller, ordinarily is not entitled to rescind.

**5. Evidence ⬅601(1)—Receipt of letter addressed to another does not prove that receiver was doing business in name of addressee.**

That buyers' letter addressed to seller's predecessor was received by seller held not suf-

ficient to prove that seller was doing business under name of predecessor, so as to be chargeable with knowledge of buyers' shipment of goods to predecessor in rescinding contract.

Appeal from Dickens County Court; Walter L. Powell, Judge.

Action by the Associated Manufacturing Company against A. W. Jordan and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

W. D. Wilson, of Spur, for appellant.

B. G. Worswick, of Dickens, for appellees.

BOYCE, J. Appellees, A. W. Jordan and others, a partnership doing business under the name of the Farmers' Cash Store, ordered of appellant, Associated Manufacturing Company, five cream separators, as follows: 2 No. 16–A Iowa separators, 275 pounds capacity, at $30 each; 2 No. 25–A Iowa separators, 500 pounds capacity, at $45 each; 1 No. 16 Iowa separator, 225 pounds capacity, $24.50. The order was taken by a sales agent, who represented that the said separators would do the work for which they were intended with entire success, and that they could be operated successfully by any one who wished to purchase one of them. Upon receipt of the separators, the managing partner of the store, W. T. Sampson, took the separator No. 16 of 225 pounds capacity, to his own home, intending to purchase it for his own use. He and his wife testified that they followed the book of instructions accompanying the separator in putting it up, and adjusting and operating it, but that it would not separate the cream from the milk. Neither of the parties had ever had any experience in putting up or operating a cream separator, but called in some of the neighbors, and these could not make it work, though they, too, had no experience with this kind of separator. The nme "Iowa cream separator" was on the machine, and it appears that the handling of separators of this patent was formerly by the Iowa Cream Separator Company, but in 1914 the Associated Manufacturing Company bought out the rights of the said Iowa Cream Separator Company, and thereafter sold said separators. Across the top of the letter heads of the appellant company were the words in large letters, "Associated Manufacturers' Company." Underneath and in smaller letters was written:

"Cream Separators, Gasoline and Kerosene Engines, Concrete Mixers, Feed Grinders, Silo Fillers, Washing Machines, Wood-Sawing Outfits, Friction Pulleys, Pump Jacks, Line Shafts, Iowa Cream Separators, Associated Engines."

After the said Sampson had tried said separator, he wrote the Iowa Cream Separator Company, at Waterloo, Iowa, the place of the home office of the Associated Manufacturers' Company, stating in said letter that the separator would not work, and asking that the company send some one to adjust it. To this letter the Associated Manufacturers' Company replied that it would send some one to adjust the separator, and did in fact write the agent and demonstrator, who had taken the order, to attend to the matter. The appellees heard nothing further from the appellant for about a month, and then without further notice shipped all five separators to Waterloo, Iowa, consigning the shipment to the Iowa Cream Separator Company, or the Iowa Dairy Separator Company. Some time after this the sales agent for the appellant called on the appellees, intending to see what was wrong with the separator, and was informed that they had been shipped back to the appellant. The separators came crated separately, and the other four separators were never uncrated.

The appellant filed this suit to recover the contract price of the separators. The appellees pleaded that said agent, taking their order for the separators, had falsely represented that said separators would do the work for which they were intended, and that the said separators had been returned to the plaintiff, who had refused to accept them. After the suit was filed, the defendants received notice from the railway agent at Waterloo, Iowa, that the shipment was unclaimed, and unless taken out within 15 days would be sold for accrued charges, $12.72 freight, and $9.60 storage. This notice was addressed to the Farmers' Cash Store, Spur, Tex., and the Iowa Dairy Company, Waterloo, Iowa. Special issues were submitted to the jury, and on their answer judgment was rendered for the defendants.

[1] Under the first and second assignments it is urged that the finding of the jury that the separators were sufficiently tested by the defendants to determine whether or not they would do the work, as requested, is contrary to and unsupported by the evidence, because the undisputed evidence shows that only one of the separators was tested, and that the others were never tried in any way. We think this assignment must be sustained. If the contract were entire, then a defect in one of the separators would warrant the purchaser in rejecting the whole. If, on the other hand, the contract be several, then such would not be the right of the defendant. We think the contract is several. Smith v. Crosby, 47 Tex. 128; Streeper v. Frieberg, 3 Willson, Civ. Cas. Ct. App. § 240; Elliott on Contracts, § 4997; Black on Rescission and Cancellation, vol. 1, p. 475; Mechem on Sales, §§ 1163–1165; Barlow Mfg. Co. v. Stone, 200 Mass. 158, 86 N. E. 306; Duffie v. Pratt & Co., 76 Ark. 74, 88 S. W. 842. These authorities sustain the statement of the test as to whether a contract for the sale of goods was entire or severable, as stated in the citation to Elliott, as follows:

"It may be said in a general way that, if but one consideration is paid for all the articles sold, so that the particular amount of the consideration for each cannot be determined, or if the purchase is of goods as a particular lot, even if the price is to be determined by the number of pounds, barrels, or the like, in the lot, it is an entire, and not a severable, contract. But, though several different articles are sold at the same time and are of the same general description, yet, if they sold for distinct prices, the contract may usually be treated as severable, and the buyer may accept such of them as comply with the contract and reject the others."

[2, 3] The other assignments attack the finding of the jury that the separators were returned to plaintiff and received by it. We doubt whether the evidence is sufficient to show a return of the separators. The defendants, in order to support their right to rescind, must show a return or tender of the separators to the plaintiff. The shipment of the separators to the Iowa Cream Separator Company, or the Iowa Dairy Separator Company, was not of itself a return or tender of the separators to the Associated Manufacturers' Company. Before this shipment could be held to be a return of the property to the Associated Manufacturers' Company, it ought to be shown that the plaintiff had notice of the shipment or of the arrival of the separators at destination, and that the shipment was intended for it. It is not shown who, if any one, the railway company notified of the arrival of the shipment. The notice of the proposed sale by the railway company was as we have seen, directed to the Iowa Dairy Company. This notice, it is true, was called to the attention of the plaintiffs' attorneys after this suit was filed.

[4] We do not think this would be a sufficient tender of the property, however, because it appeared that the property was subject to storage charges, which the plaintiff would not be required to pay if these charges had accrued before it was notified of the tender. If the purchaser, through his fault, put himself in position to be unable to restore the property to the vendor, this will ordinarily deprive him of the right of rescission. The defendants were in fault in shipping the separators to the Iowa Cream Separator Company, instead of the Associated Manufacturers' Company, with whom they had dealt, and if by reason of such fact they put themselves in a position of inability to return the separators, they should bear the consequences.

[5] We do not think the evidence shows that the Associated Manufacturers' Company was doing business in the name of the Iowa Cream Separator Company, so as to be chargeable with knowledge of the shipment made to said company. The fact that one letter, addressed by the defendants through the mail to the Iowa Cream Separator Company, was received by the Associated Manufacturers' Company, was hardly sufficient to establish such fact. It is not necessary to discuss the matter further, as the evidence on another trial will doubtless more fully develop just what, if any, notice the Associated Manufacturers' Company had of the arrival of the shipment at Waterloo, Iowa, before storage charges thereon had accrued.

The judgment will be reversed and remanded.