BLACK *v.* BEARDEN.

Opinion delivered February 2, 1925.

1. DENTISTS—RIGHT TO RECOVER COMPENSATION.—A dentist is entitled to recover from a patient the amount agreed to be paid, if there was an express contract; but, if no contract was made as to the amount, he would be entitled to recover a reasonable compensation for his services.

2. DENTISTS—ERROR IN SUBMISSION OF ISSUE OF OVERCHARGE.—In a suit by a patient against a dentist to recover for an overcharge for professional services, it was error to submit the question of overcharge upon evidence that the patient paid the dentist's charge voluntarily upon his representation that the amount charged was reasonable, and that such charge was in fact unreasonable; there being no evidence that the payment was procured through fraud or duress.

3. DENTISTS—FRAUD IN OVERCHARGE.—Fraud in a voluntary payment of an overcharge for dental work was not established where no coercion of any sort was practiced on the patient.

4. DENTISTS—TESTIMONY AS TO OVERCHARGE.—In a suit by a patient to recover for an overcharge, the patient's testimony to the effect that another dentist offered to do the same work for a much smaller sum, which statement was denied by such dentist, was not admissible to prove that an overcharge was made, but only to test the credibility of such dentist.

5. APPEAL AND ERROR—PREJUDICE IN SUBMITTING IMPROPER ISSUE.—Where, in a patient's suit to recover for malpractice and for an overcharge, the trial court erred in submitting the issue as to an overcharge, the error was prejudicial on appeal from a judgment for plaintiff, since the appellate court cannot tell whether

the verdict was based on the count for overcharge or on that for malpractice.

6.  DENTISTS—MALPRACTICE—JURY QUESTION.—In a suit by a patient for malpractice, the question whether the dentist was negligent in crowning one tooth and filling others *held* for the jury.

7.  DENTISTS—LIABILITY FOR MALPRACTICE.—The rules governing the duty and liability of physicians and surgeons in the performance of professional services are applicable to practitioners of the kindred branches of the healing art, such as dentists, oculists, and manipulators of x-ray machines.

Appeal from Sebastian Circuit Court, Fort Smith District; *John E. Tatum,* Judge; reversed.

STATEMENT OF FACTS.

Fay Bearden brought this suit against M. D. Black, a dentist, to recover damages for the alleged negligent treatment of his teeth and for overcharge for doing this dental work, which was paid by Bearden to Black because of the misrepresentations made to him by Black as to the usual price for such services. Black denied the material allegations of the complaint in both counts.

Fay Bearden was the principal witness for himself. According to his testimony, he went to Dr. Black's office on November 15, 1922, and told him that he had three decayed teeth, and wanted him to crown one and fix the others. Dr. Black went to work on the crown, and told his assistant, Dr. Rosson, to fix the other ones while he was doing the crown work. When they got through, Dr. Rosson told him that he had filled five teeth and crowned one. Witness asked Dr. Black how much he owed him, and Dr. Black said that he would make him the rock bottom price of $150. Witness tried to get him to take a less amount, but Dr. Black said that was his regular price, and declined to make any deduction whatever. Witness then paid him $150. The crown came loose in less than three months, and cut his gums. In grinding his teeth, Dr. Rosson let the instrument that he was using slip off on his gums and injured them severely. His negligence in using the grinding instrument caused his gums to rise and made them very sore for a long time.

J. W. Stroop, bookkeeper for Dr. Black, was a witness for him. According to his testimony, Dr. Black told Bearden, before he started to work, that he would charge him $150. Dr. Black told Bearden that he would fix his teeth and treat his gums for pyorrhea for $150. After the work was done, Bearden wrote out a check and paid Dr. Black $150.

Dr. M. D. Black was a witness for himself. According to his testimony, Bearden came into his office on November 15, 1922, and asked him to look at his mouth and teeth. He said that his mouth was in bad shape in general and that he was having trouble with his gums. Black told Bearden that it would cost him $150 to fill the cavities, grind his teeth, crown one tooth, and treat his mouth for pyorrhea. Bearden told Black to go ahead, and he took the measure of the cavities and told Dr. Rosson to fill them with alloy filling. After this was done, Black set the crown on his tooth, and cleaned his teeth and treated them for pyorrhea. He gave him some medicine to use, and only charged him a reasonable price for the work. He paid Dr. Black that amount without protest. The work was done in a first-class manner.

Dr. M. W. Pate was also a witness for the defendant. According to his testimony, Fay Bearden came to him and asked him to examine the dental work which had been done by Dr. Black. He examined Bearden's mouth thoroughly, and the work looked like very fine work to him. On cross-examination he was asked if he had not made the statement to the plaintiff and his attorney that he would have been glad to have gotten the work for $13. Dr. Pate denied making any such statement.

In rebuttal, both the plaintiff and his attorney testified that Dr. Pate, after examining the plaintiff's mouth, said that he would have been glad to have done the work for $13.

The record shows that Dr. Rosson had left the State before the trial was had.

The jury retured a verdict for the plaintiff in the sum of $130, and from the judgment rendered the defendand has duly prosecuted this appeal.

*G. L. Grant,* for appellant.

*D. H. Howell,* for appellee.

HART, J., (after stating the facts). The cause of action of the plaintiff is based upon two counts. The first was that there was no express contract between him and Dr. Black for the dental work in question. After Dr. Black and his assistant had done the work, Dr. Black represented to him that $150 was a reasonable price for the work, and he paid him that amount on the faith of this representation. He afterwards found that Dr. Black had overcharged him, and he sued to recover the overcharge. In the second count the plaintiff alleged that the defendant had negligently and unskillfully performed the dental work and thereby caused his gums to rise and give him great pain.

On the other hand, it is the contention of the defendant that the plaintiff agreed to pay him $150 before he commenced the work, and that the work was done in a skillful manner.

It cannot be doubted that a dentist is entitled to recover from a patient the amount agreed to be paid him for his services under an express contract. If no express contract was made, he would be entitled to recover a reasonable compensation for his services. For example: if there was no express contract between the parties, and, after the work was done, Dr. Black had demanded an unreasonable fee, Bearden might have refused to pay him, and in a suit Dr. Black would only be entitled to recover upon a *quantum meruit.* On the other hand, if Bearden paid the amount demanded, he could only recover the overcharge on the ground that the settlement had been procured through fraud.

In the case of *Guild* v. *Whitlow,* 162 Ark. 108, the defendant claimed that he was induced to agree to pay a surgeon a specified amount for an operation on his representation that such a sum was a reasonable charge.

The court held that he could not set aside the contract on the ground of fraud simply because the fee was unreasonable.

The court further said that it is not sufficient to show that the contract was procured by fraud, to prove that the surgeon charged more than other surgeons charged for a similar operation in the same city. There must be some mental distress caused by the attending circumstances, which would amount to fraud in law, because the party seeking to enforce his contract had taken an unconscionable advantage of one who, under the circumstances, had a right to rely upon his representation that the fee was a reasonable one. In that case the contract was made before the operation was performed.

Here the same principle applies. The services were performed before the fee charged by the dentist was paid. Barden was under no duress whatever. No coercion of any sort was practiced upon him. He made the payment of his own volition, simply because Dr. Black told him the charge was a reasonable one. As we have already seen, this is not sufficient to establish fraud. There is not even testimony in the record sufficient to legally establish that the charge made by Dr. Black was unreasonable. It is true that the plaintiff testified that Dr. Pate told him that he would have been glad to have done the work for $13. Dr. Pate denied having made this statement. Hence the testimony of the plaintiff did not amount to affirmative testimony that the charge was unreasonable. Dr. Pate having denied making the statement, the testimony of the plaintiff to the effect that he did make it could only go to test the credibility of Dr. Pate as a witness.

We do not deem it necessary to set out the instructions given by the court. It is sufficient to say that, as a whole, they submitted to the jury the question of whether or not the plaintiff was entitled to recover on his count for overcharge, and, there being no testimony upon which to submit this question to the jury it was error to do so. The error was necessarily prejudicial, because this court

cannot tell whether the verdict of the jury was based on the count for overcharge or the count for malpractice. *Carrigan* v. *Nichols*, 148 Ark. 337; *Huddleston* v. *St. L. I. M. & So. Ry. Co.* 88 Ark. 454; *Moore* v. *Moss*, 117 Ark. 593; and *District Grand Lodge No. 11, etc.* v. *Pratt*, 96 Ark. 614.

The plaintiff's own testimony was sufficient to enable him to go to the jury on question of whether the dentist had been negligent in his work of crowning one tooth and filling the other. He testified that the crown came loose within three months, and that the dentist, in working on his other teeth, negligently permitted his instrument to slip and badly injure his gums, and thereby caused an abscess which gave him great pain.

In *Dunman* v. *Raney*, 118 Ark. 337, the court held that a physician or surgeon is only bound to possess and to exercise that degree of skill and learning ordinarily possessed and exercised by members of his profession in good standing practicing in the same line, and in the same general neighborhood or in similar localities.

The court further said that he must use reasonable care in the exercise of his skill and learning, and must act according to his best judgment in the treatment of his patients.

. The rules governing the duty and liability of physicians and surgeons in the performance of professional services are applicable to practitioners of the kindred branches of the healing art, such as dentists, oculists, and manipulators of x-ray machines. 21 R. C. L; § 31, p. 386, and cases cited. See also *Runyan* v. *Goodrum*, 147 Ark. 481.

We also call attention to the fact that, in the case of *Dunman* v. *Raney*, 118 Ark. 337, the court decided the basis for awarding damages in an action by a patient against a physician for improper treatment.

It follows that, for the error in submitting to the jury the question of overcharge, the judgment must be reversed and the cause remanded for a new trial.