## LOWENSTEIN *v.* McCADDEN.

Decided December 6, 1890.

1.　*Attachment—Forthcoming bond.*

A bond given for the retention of property attached which is conditioned that the person in possession, *not the defendant,* shall perform the judgment of the court in the action, or that the property, or its value, shall be forthcoming and subject to the orders of the court for the satisfaction of such judgment, cannot be enforced as a statutory forthcoming bond. (Mansf. Dig., sec. 327.)

2.  *Judgment on forthcoming bond—Assessment of property.*

Judgment upon a statutory forthcoming bond cannot be rendered unless, at the demand of the plaintiff, an assessment has been made of the value of the property retained by the principal in the bond.

APPEAL from *Desha* Circuit Court.

JOHN A. WILLIAMS, Judge.

B. Lowenstein & Bro. sued H. F. Lennox upon a note, and caused an attachment to be levied upon certain property of the defendant in the hands of P. McCadden & Co., who retained it upon giving a bond conditioned that *they* would perform the judgment or have the property forthcoming. They also interpleaded for the property, but subsequently asked leave to dismiss the interplea without prejudice, which was granted. The attachment was sustained, judgment rendered for plaintiffs, and the sheriff ordered to retake the attached property. So much thereof as he was able to recover proved insufficient to satisfy plaintiffs' judgment. No assessment of the property retained by McCadden & Co. was asked by the plaintiffs. They have appealed, and assign as error the dismissal of the interplea without prejudice.

*W. M. Randolph* for appellants.

1.  The bond called replevin bond in the record was in fact a forthcoming bond or a delivery bond, given under and in accordance with the statute, Mansfield's Digest, section 327 ; and by giving the same P. McCadden & Co. and the other obligors in the said bond made themselves parties to the said suit, and thereby become bound by the proceedings therein, and by the judgment which might therein be rendered ; and the circuit court of Desha county erred in its judgment of the 18th of August, 1887, granting to the said P. McCadden and Co., on their petition, leave to retire from the said suit without having their rights adjudicated therein, and without prejudice. The court should have retained the said suit as to the said P. McCadden & Co., and the other parties to the said bond, for the purpose of giving judgment against them, as provided in Mansfield's

Digest of the statutes, section 355. See Mansf. Dig., secs. 327, 329, 356, 358, 390, 391; 48 Ark., 195; 34 *id.*, 542; Waples, Att., pp. 400-1; 32 Ark., 734; 34 *id.*, 714; 2 Metc. (Ky.), 209; 3 *id.*, 456; 37 Ark., 206; 49 *id.*, 279.

2. The court erred in allowing McCadden & Co. to withdraw from the suit without having their rights adjudicated, thus cutting plaintiffs off from their rights under section 355 Mansfield's Digest.

*W. G. Weatherford* for appellees.

The bond is not conditioned as required by law, and no judgment can be rendered upon it. No *assessment* of the property was made or *demanded* by the plaintiffs. Mansf. Dig., secs. 327, 355; 49 Ark., 283; 37 *id.*, 531. Unless there was an appraisement, no valid judgment could be had. *Ib.*, 212.

2. Plaintiffs elected to have the sheriff retake the goods, before the appellees were permitted to retire, and the court properly allowed them to withdraw.

PER CURIAM. The bond executed by McCadden & Co. was not a statutory bond. It is in the form required by section 327 of Mansfield's Digest, except that it is not conditioned that the defendant in the attachment suit shall perform the judgment of the court. If it be conceded that section 355 of the Digest authorizes summary judgment against a principal other than the defendant in the attachment suit, together with his sureties, still, the bond not having been executed in conformity to the statute, it cannot be enforced as a statutory bond.

1. Attachment—Forthcoming bond.

Moreover, judgment can be rendered upon the bond only when an assessment of the value of the property retained by the principal in the bond is made by the court or jury, and such assessment is made only when the plaintiff in the attachment demands it. Section 355. The plaintiff made no demand for the assessment in this case.

2. Judgment on forthcoming bond—Assessment of property.

Affirm.