MARTIN *v.* TENNISON.

Opinion delivered June 4, 1892.

*Appeal bond—Sufficiency.*

> Where a defendant, on appealing from a judgment of a justice
> of the peace sustaining an attachment, executed a bond con-
> ditioned that the surety therein would satisfy the judgment
> of the circuit court to the extent of the value of the goods
> attached, such bond does not comply with section 4135. of
> Mansf. Dig., and will not support a summary judgment against
> the surety, under sec. 4153, *ib.*

Appeal from Searcy Circuit Court.

B. B. HUDGINS, Judge.

Tennison & McMahan brought suit against G. W. Manes before a justice of the peace, and procured an attachment to be levied on some cotton. From a judgment in plaintiffs' favor defendant appealed, and executed a bond with T. J. Martin as surety, conditioned that the surety would satisfy the judgment of the circuit court *to the extent of the value of said cotton*. The circuit court sustained the attachment and entered judgment against Manes for the debt and costs. At a subsequent term plaintiffs moved for a judgment *nunc pro tunc* against Martin on the appeal bond. The court found that the value of the cotton exceeded the amount of the judgment and costs, and ordered that judgment against Martin be entered now for then. Martin has appealed.

*R. H. Powell* for appellant.

The bond in this case does not conform to the statute, and judgment cannot be rendered upon it as a statutory bond. 54 Ark. 15 ; Mansf. Dig. secs. 4135, 4153.

BATTLE, J. The bond in question is not a statutory bond, because it does not contain the conditions required by section 4135 of Mansfield's Digest. Instead of being conditioned to perform the judgment appealed from in

the event it was affirmed on appeal, or if, on a trial anew in the circuit court, judgment was given against appellant, that he would pay such judgment, he and his surety thereby undertook to satisfy the same to the extent of the value of the cotton attached in the action. It does not conform to the requirements of the statute, or answer its purpose, and cannot be enforced in the manner provided by section 4153 of Mansfield's Digest. *Lowenstein* v. *McCadden*, 54 Ark. 13.

The judgment of the circuit court is reversed, and the motion for a judgment *nunc pro tunc* is hereby dismissed.