## RICHARDSON *v*. HARRELL.

### Opinion delivered June 13, 1896.

FORCIBLE ENTRY AND DETAINER—SUFFICIENCY OF BOND.—A bond in unlawful detainer conditioned that if defendant deliver to plaintiff possession of the premises, together with the costs and damages awarded plaintiff if so decreed by the court, the bond shall be void, etc., is a substantial compliance with Sand. & H. Dig., sec. 3452, providing that the bond required of defendant to enable him to retain possession of the property shall be that, if plaintiff recover, defendant will deliver possession and satisfy any judgment the court may render against him in the action. (BATTLE, J., dissenting.)

Appeal from Garland Circuit Court.

ALEXANDER M. DUFFIE, Judge.

STATEMENT BY THE COURT.

The intestate of appellee brought his action of unlawful detainer for the property in question against H. C. Billingsly in April, 1892, alleging a lease of the premises to Billingsly in writing, and a forfeiture of the lease by Billingsly; and prayed for possession, and for $600 damages for the unlawful detention thereof. The writ of possession was issued on the same day, and on the 28th of April, 1892, Billingsly filed a bond to retain possession of the property in the sum of three thousand dollars, with appellants as securities, conditioned that, if Billingsly should deliver to the plaintiff the possession of the premises, together with the costs and damages awarded to the plaintiff, if so decreed by the court, then the bond should be void; otherwise to be and remain in full force and effect. This bond was approved by the sheriff, 30th of April, 1892. On his motion, the appellee, Harrell, was made a party plaintiff, as administrator of Wm. Beard, the lessor, and the cause was revived in his name as such administrator. On the 10th

of December, 1892, Harrell, as administrator, amended the complaint, and alleged a forfeiture of the contract of lease by Billingsly, claiming the sum of $1825 for rents that had accrued before the demand for possession.

The appellee Billingsly demurred to this amendment, and, his demurrer being overruled, the cause was tried upon the complaint and amendment thereto, the answer of Billingsly, and the testimony of John M. Harrell. Judgment was rendered upon the verdict of the jury for $3,237.50 in favor of appellee and against Billingsly and his bondsmen. The bondsmen filed a motion for a new trial long after the time within which such a motion could be filed according to law, and upon motion of the appellee the same was stricken out, and disallowed by the court. The bondsmen appealed to this court.

*Wood & Henderson*, for appellants.

1. No judgment could be rendered on the bond except for the damages sustained by being kept out of possession after notice of plaintiff was served on Billingsly to quiet and deliver possession. Mansf. Dig., sec. 3362. Prior to act February 8, 1883, no judgment for damages could be rendered against bondsmen except for possession and costs. 40 Ark. 38; 44 *id.* 500; 36 *id.* 330. Since this act (now Sand. & H. Dig., sec. 3460), judgment may be rendered for damages from *demand of possession* to judgment against the bondsmen. 57 Mo. App. 481; 36 Ark. 524. The act of 1891 (Sand. & H. Dig., sec. 3458) has not changed this provision. It provides for judgment against the *defendant*, but makes no provision for judgment against the bondsmen. See Mansf. Dig., sec. 3362; Sand. & H. Dig., sec. 3460. The judgment can only be for *damages*, and not for back rents, etc.

2. The bond is not in accordance with the statute, and no judgment could be rendered upon it without notice and the bondsmen being made parties.

3. It was error to permit plaintiff to prove his damages by the contract of lease. After the contract of lease expired or was forfeited, it was no criterion by which to measure the damages. The rent might be more or less. After forfeiture the question is, what is the rental value of the property? Even if this was a good common law bond, under the ruling in 38 Ark. 72, no judgment could be rendered against the sureties without notice.

4. The court erred in its instructions. As no rents were claimed in the original complaint, the $100 paid must have been paid on the April rent, and, if so, the forfeiture up to that time was waived, and a new notice was necessary. Taylor's Landlord & Tenant (8 Ed.), 485–7.

5. Even if the motion for new trial was not filed in time (Sand. & H. Dig., sec. 5481), the court ought to pass on the errors, because they appear from the record itself; and no motion for a new trial was necessary. 46 Ark. 21; 26 id. 536; Ib. 666; 43 id. 403; 34 id. 686; 32 id. 154; 27 id. 37; 27 id. 464.

6. The judgment was for more than the bond. 37 Ark. 599.

7. The bondsmen had no notice of the amendment to the complaint, and were not made parties. 1 Black, Judg., 219; 19 Ark. 574; 73 Am. Dec. 647; 6 L. R. A. 821. Summary judgments against sureties must be in accordance with their undertaking. 29 Ark. 212.

8. The administrator had no right to bring this suit. 46 Ark. 377.

*Geo. G. Latta*, for appellee.

1. The judgment for back rents is fully authorized by law, and the jury were authorized to bring in a verdict for the rent due at the commencement of the

suit, and up to the time of judgment. The bond is sub-stantially in compliance with the statute, and no notice to the bondsmen was necessary, nor was it necessary to make them parties.

2. The lease was properly admitted to show the amount of rent due.

3. No motion for new trial was filed in time. 26 Ark. 536; 25 *id*. 275; 29 *id*. 320; 54 *id*. 551.

4. The remittitur cured the error, if the judgment was excessive. 37 Ark. 599; 54 *id*. 354; 11 *id*. 280; 26 *id*. 94.

5. The administrator had the right to sue. 34 Ark. 63; Mansf. Dig., sec. 81; 42 *id*. 25; 55 *id*. 222. The heirs were not necessary parties. 49 Ark. 87.

HUGHES, J., (after stating the facts). The motion for a new trial not having been filed in time, and having been stricken out by the court, the only question presented for our determination in the case is, was it competent for the court to render judgment on the defendant's bond against the securities in this action? The contention of the appellants is that no judgment could be rendered on their bond against them for any amount, save the damages sustained by the plaintiff by being kept out of possession of the property after the notice was served on Billingsly to quit and deliver possession to the plaintiff. To maintain this contention, the appellant relies upon the act of February 8, 1883, which provides for the recovery only of damages by plaintiff for being kept out of possession, but the later act of February 5, 1891, is in conflict with this, and must prevail.

By the act of February 5, 1891, it is provided that, "if, upon the trial of any action under this act, the finding or verdict is for the plaintiff, the court or jury trying the same shall assess the amount to be recovered by the plaintiff for the rent due and withheld at the time of commencement of the suit and up to the time of

rendering judgment, or the value of the use and occupation, or of the rents and profits thereof during the time the defendant has unlawfully detained possession, as the case may be, and damages for withholding the same, or the damages to which said plaintiff may be entitled on account of the forcible entry and detainer of said premises," etc. Sand. & H. Dig., secs. 3458, 3459, (part of same act) provides that * * * * in all cases where judgment is rendered either against the plaintiff or defendant, for any amount of recovery, judgment shall also be rendered against his sureties in the bond given under the provisions of this act." The condition of the bond required by statute of the defendant to retain possession of the property, as prescribed by act of February 5, 1891, is that, if the plaintiff recover in the action, he will deliver possession of the premises to the plaintiff, and satisfy any judgment the court may render against him in the action. (Sand. & H. Dig., sec. 3452). This can mean only that, besides delivering possession of the premises, the defendant will pay any damages that may be assessed against him, and these may include rents that were due and unpaid at the time of the commencement of the suit, and up to the time of rendering judgment, or the value of the use and occupation, or of the rents and profits thereof, during the time the defendant has unlawfully detained possession, as the case may be, and damages for withholding the same, or the damages to which the plaintiff may be entitled on account of the forcible entry and detainer of said possession, as provided by section 3458, Sand. & H. Dig. The condition of the bond given in this case by the defendant to retain possession of the property is: "Now, if the said H. C. Billingsly shall deliver to the plaintiff the possession of the premises aforesaid, together with the costs and damages awarded to the plaintiff, if so decreed by the court, then this bond

shall be void ; otherwise to be and remain in full force and effect. It is a mere play upon words to say that these bonds do not mean the same thing, though differing in phraseology. They both mean that the defendant, if judgment be rendered against him, shall pay the amount of the judgment, all the damages by reason of the defendant's failure to pay rents, as well before the institution of the suit as after, down to the rendition of the judgment ; for they are all damages.

"DAMAGE.—A pecuniary compensation or indemnity, which may be recovered in the courts by any person who has suffered loss, detriment, or injury, whether to his person, property, or rights, through the unlawful act or omission or negligence of another." Black, Law Dictionary, p. 316, tit. "Damage."

The counsel for appellants maintain that there is a distinction made by the statute between a recovery for rent and a recovery for damages; one being for the unlawful withholding, and the other for rent due by contract. Yet it is plain that they are only damages arising from different wrongs suffered; that is, from the withholding of the premises after demand, and from withholding rents to the time of commencement of the suit. Though arising from different wrongs, they are nevertheless damages, and are unquestionably recoverable in the same action.

A bond to "deliver to the plaintiff possession of the premises with the costs and damages awarded to the plaintiff, if so decreed by the court," certainly, by fair and reasonable construction, provides for the payment of all damages of whatever kind, or from whatever cause accruing, that may be awarded by the court. "It is so nominated in the bond."

The bond given in this case conforms to the requirement of the act of March 2, 1875, as amended by act December 13, 1875, and differs from the one required by

act of February 5, 1891, in phraseology, but not in legal effect. The parties who executed this bond are presumed to have known that the law provided that, if judgment were rendered for any amount against the defendant in the action, judgment should be rendered for the same amount against the sureties on the bond; and that judgment might be rendered in the action for rents past due when the suit was brought, as well as for damages for the unlawful withholding of the property after demand therefor made, and for other damages sustained by the plaintiff by reason of said unlawful withholding of the possession of the premises. The act of 1891 amended the law as it existed before then, so as to allow the recovery of damages for failure by the defendant to pay back rents that accrued prior to the demand for possession. We are of the opinion that the bond in this case was a substantial compliance with the requirement of the act of 5th February, 1891 (sec. 3452, Sand. & H. Dig.); and that it was proper in this action to give judgments for back rents, and to render judgment for the same against the sureties on the bond, if the pleadings and proof in the case warranted.

All questions as to the evidence and instructions having been waived by the failure of the appellants to file a motion for new trial in time to have it made a part of the record in this case, there is nothing more left for determination. The error of entering judgment for a sum greater than the amount named in the bond of the appellants was cured by a remittitur of the excess. The judgment is affirmed.

BATTLE, J., (dissenting). The bond executed by the defendant and his sureties in order to retain possession of the property in controversy is not in conformity to the statute. It is conditioned that "if the said H. C. Billingsly [defendant] shall deliver to the plaintiffs the

possession of the premises aforesaid, together with the costs and damages awarded to the plaintiff, if so declared by the court, then this bond shall be void." The condition of the bond the statute authorized him to give in this case is "that he will deliver possession of the premises to the plaintiff, if the plaintiff recover in the action, and *satisfy any judgment the court may render against him in the action.*" A comparison of the two conditions shows that the bond in this case is not in conformity with the statute.

The bond before us was given in accordance with section 3355 of Mansfield's Digest, which was amended in 1891, and is in part as follows : " If the said defendants shall express a desire to retain possession of said premises, the said sheriff shall give said defendant ten days time within which to make his bond, with sufficient securities, in an amount equal to that named in plaintiffs bond, and conditioned that he will deliver to the plaintiff the possession of the premises, together with the costs and damages awarded to the plaintiff, if so decreed by the court." The condition of the bond under consideration was copied from this statute. What the language copied meant was clearly understood when the statute from which it was taken was in force. By it the defendant and his sureties were bound to plaintiff to pay to him all damages he suffered by withholding the land in controversy after lawful demand therefor was made. This did not include rents and profits, or any sum for the use and occupation of the land, which accrued before the demand was made. Mansf. Dig., sec. 3362.

On the 5th of February, 1891, the statutes were amended, and the remedies of plaintiffs in actions of unlawful detainer were so enlarged as to include *damages for withholding* the land already allowed, together with the rent due and withheld at the time of the com-

mencement of the suit and up to the time of rendering
judgment, or the value of the use and occupation or of
the rents and profits thereof during the time the defend-
ant has unlawfully detained possession, as the case may
be. Whatever the plaintiff recovers as rent for use and
occupation, or rents and profits, *damages for withhold-
ing* the land, is allowed *eo nomine* in addition thereto.
In the sense that word ("damages") is used in the
statutes regarding the rights of parties in actions of
unlawful detainer, the amounts recoverable for rents and
for use and occupation are not intended. They are kept
separate and distinct in the statutes. For example, the
statute says: "If, upon the trial of any action under this
act, the finding or verdict is for the plaintiff, the court
or jury trying the same shall assess the amount to be
recovered by the plaintiff for the rent due and withheld
at the time of [the] commencement of [the] suit and up to
[the] time of rendering judgment, or the value of the use
and occupation, or of the rents and profits thereof during
the time the defendant has unlawfully detained posses-
sion, as the case may be, and *damages for withholding
the same*, * * * and in all cases where judgment is
rendered, either against the plaintiff or defendant for
any amount of recovery, *damages*, or costs, judgment
shall also be rendered against his sureties in the bond
given under the provisions of this act." Sand. & H.
Dig., sec. 3458.

The bond before us and that used by the statute are
not of the same legal effect. The latter binds the
defendant, if the plaintiff recovers, to satisfy any judg-
ment the court may render in the action; the former, to
deliver to the plaintiff the possession of the premises,
"together with the costs and damages awarded to the
plaintiff, if so decreed by the court,"—only a part of
what the latter binds him to do. The former is not a
statutory bond, and no judgment can lawfully be ren-

dered upon it in this action. *Lowenstein* v. *McCadden*, 54 Ark. 13; *Martin* v. *Tennison*, 56 Ark. 291.

I think the judgment against the appellant should be reversed.