## DILLARD *v.* NELSON.

### Opinion delivered March 24, 1906.

REPLEVIN—RETAINING BOND—SUMMARY JUDGMENT.—A bond executed by the defendant in a replevin suit either to pay the judgment or that the property shall be forthcoming is not in the form prescribed by the statute (Kirby's Digest, § 6863), and a summary judgment thereon is unauthorized.

Appeal from Clark Circuit Court; *Joel D. Conway,* Judge; reversed.

*Hardage & Wilson* and *John H. Crawford,* for appellants.

The bond was not such as is required by the statute. Kirby's Digest, § 6863. It was in the alternative, and the delivery of the mule was a complete satisfaction of the bond. Not being in the statutory form, it was error to render a summary judgment upon it. 54 Ark. 13; 56 Ark. 291. The judgment for costs against appellants was void. Kirby's Digest, § 4424. See also 59 Ark. 483; 60 Ark. 369; 62 Ark. 439; 64 Ark. 108; 64 Ark. 556. The judgment should have been quashed in circuit court by writ of certiorari, because the justice of the peace was without jurisdiction to render it. Kirby's Digest, § 1315; 68 Ark. 205; 39 Ark. 348; 30 Ark. 17.

McCulloch, J. Appellants, in an action of replevin brought by J. A. Frizzell against John Luzader, before a justice of the peace of Clark County, to recover possession of a mule, executed a bond to the plaintiff in the following form (omitting the caption):

"We undertake to pay to the plaintiff such sums, not exceeding $200, as may be adjudged to him in the action, or that the property attached, towit: one mule attached herein, shall be forthcoming and subject to the order of the court for the satisfaction of such judgment as may be rendered in the action, whichever shall be directed by the court."

A trial of said case before another justice of the peace on change of venue resulted in a verdict for the plaintiff for the recovery of the mule sued for, or its value, fixed at $75, and cost of the action, and judgment was rendered accordingly against the defendant Luzader and appellants as sureties on said bond. Luzader delivered the mule to the plaintiff, and the justice of the peace issued execution upon the judgment for costs, which were taxed in the sum of $52.35.

Appellants thereupon presented to the circuit court their petition, setting forth the foregoing facts, for writ of certiorari to quash the judgment against them as sureties on said bond, which being refused they appealed to this court.

The basis of their contention is that the bond is not in form prescribed by the statute as a delivery bond in replevin, that it was enforcible only as a common-law obligation, and that a summary judgment thereon was not authorized. They assert also

that all liability as a common-law obligation has been discharged by a return of the property as adjudged.

The statute provides that in replevin the officer holding the writ may return the property to the defendant upon his giving bond, with security, "to the effect that the defendant shall perform the judgment of the court in the action." Kirby's Digest, § 6863. The bond executed by appellants was not an obligation to "perform the judgment of the court in the action." The undertaking was to "pay to the plaintiff such sums not exceeding $200 as may be adjudged to him in the action, or that the property attached * * * shall be forthcoming and subject to the order of the court for satisfaction of such judgment as may be rendered in the action, whichever shall be directed by the court." It is in the alternative, either to pay a sum of money not exceeding $200, or to return the property, as the court should direct, but not to do both. It can not be construed to be an undertaking to perform such judgment as the court was authorized to render in an action of replevin.

The statute regulating judgments in replevin is as follows:

"In all actions for the recovery of personal property where the defendant has given a delivery bond as now provided for by section 6863, the court or jury trying the case may not only render judgment against the defendant for the recovery of the property, or its value, together with all damages sustained by the detention thereof, but also, upon motion of the plaintiff, render judgment against the sureties upon his said delivery bond for the value of the property, and also damages as aforesaid, as the same may be found and determined by the court or jury trying said cause." Kirby's Digest, § 6870.

The bond not being in form prescribed by the statute, a summary judgment thereon was unauthorized. *Lowenstein* v. *McCadden*, 54 Ark. 13; *Martin* v. *Tennison*, 56 Ark. 291.

The judgment against appellants as sureties on the bond was void, and should be quashed on certiorari.

The judgment of the circuit court denying the writ is reversed for further proceeding in accordance with this opinion.