## WILSON *v.* WHITE.

### Opinion delivered April 22, 1907.

1. CRIMINAL LAW—SECURITY FOR FINE—EFFECT.—Where a note taken by a sheriff as security for the fine and costs in a criminal case failed to conform to the statute in that it was not made payable to the State nor payable within thirty days, it did not have the force and effect of a judgment under the statute, but was valid as a common-law obligation. (Page 411.)

2. SHERIFF—LIABILITY FOR FINE.—As the statutes make it the duty of sheriffs to collect all fines, penalties and forfeitures adjudged against defendants in the circuit court, and county clerks are required to charge sheriffs with all such fines, etc. (Kirby's Digest, § § 7191, 7193), the taking of a bond not in conformity with statutory requirements does not acquit the officer of liability for the fine and costs. (Page 411.)

3. SAME—SUBROGATION TO RIGHTS OF COUNTY.—Where the county court adjudged that a sheriff should pay into the county treasury the amount of a note executed to him to secure the payment of a fine and costs, he was not thereafter a volunteer in making payment thereof and became subrogated to the rights of the county in the note. (Page 412.)

4. PRINCIPAL AND SURETY—DELAY AS AFFECTING SURETY'S LIABILITY.—Mere delay or failure to sue the principal in a note, or to present the claim against his estate in bankruptcy, does not discharge the surety. (Page 412.)

5. SAME—DISCHARGE OF SURETY BY RELEASE OF SECURITY.—The rule that a surety is discharged where the creditor relinquishes a valid security for the debt is inapplicable where the creditor released an execution levy which constituted no lien on the debtor's property. (Page 412.)

6. SAME—NOTICE BY SURETY TO SUE PRINCIPAL.—Though a note given to secure a fine and costs was executed to the sheriff, he was not authorized to sue on it until after he was ordered to pay the amount

of it into the county treasury and had paid same, and notice to him from the surety to sue the principal, given prior to that time, did not have the effect, upon his failure to sue within 30 days, of discharging the surety. (Page 413.)

7. ACTIONS—TRANSFER—WAIVER.—By failing to move to transfer an action at law to equity a defendant waives his right to have the cause heard in equity. (Page 413.)

Appeal from Hempstead Circuit Court; *Joel D. Conway,* Judge; affirmed.

*Etter & Monroe,* for appellant.

1. Appellee was not a proper party, and the demurrer should have been sustained. He had no legal capacity to sue, no right to the possession of the note, which should have been turned over to his successor in offic. He had no interest in the note nor any right to assume it. 12 Ark. 125; 13 Ark. 437; 19 Ark. 602; 23 Ark. 30; 27 Ark. 15; 42 Ark. 449; 46 Ark. 420; 36 Ark. 501; 43 Ark. 33; 48 Ark. 420; 47 Ark. 54; 51 Ark. 205; 53 Ark. 140.

2. The surety is discharged if the creditor does any act whereby the surety is prevented from collecting from the principal debtor. 6 Ark. 317; 83 Am. Dec. 83. The failure and neglect of appellee to file the claim in the bankruptcy proceedings placed appellant in position where he could not recover of the principal debtor. 19 Ark. 675.

3. The note was for fine and costs, became a judgment as in other criminal cases when filed with the clerk. It was his duty to issue execution, and Robertson could not claim exemptions against it. Kirby's Dig. § 2475; 58 Ark. 132; 71 Ark. 467. By not levying the execution, Robertson was allowed to go into bankruptcy and be discharged, and by appellee's negligence appellant was placed so that he could not collect from the principal. He was thereby discharged. 36 Ark. 383; 15 Ark. 232; 27 Ark. 25; 34 Ark. 44; 50 Ark. 229.

4. If, after request of the surety so to do, the creditor fails to sue the principal, who is then solvent, and afterwards the principal becomes insolvent, the surety is thereby discharged. 6 Ark. 352; 35 Ark. 463.

*O. A. Graves* and *Jobe & Eakin,* for appellee.

1. A suit must be brought and maintained by the real party in interest. Kirby's Dig. § 5999 *et seq.* Appellee was liable to the county in his settlement with it for fines and forfeitures with which he as sheriff had been charged and which he was compelled to pay. Kirby's Dig. § § 7191, 7157, 7193, 7196.

2. If the note had been taken in compliance with the statute it was properly filed with the clerk, whose duty it was, without demand from plaintiff, to issue execution; and, until appellee had made final settlement and had paid the fine and costs of Robertson, he was not the owner nor entitled to possession of the note. Kirby's Dig. § 2475. But the note taken in this case was not such as is contemplated by the statute. It did not become a judgment, and no legal execution could be issued thereon.

3. Before a surety on a bond or note can be released from the obligation by reason of the payee's failure to proceed by law against the principal, he must have given notice to the payee in writing. Kirby's Dig. § § 7921, 7922. Therefore the court would have been justified in refusing to give the defendant's fourth instruction altogether, even without the addition of the words "unless you find that Robertson was insolvent." If he was insolvent, nothing appellee may have done or omitted to do would operate to exonerate the surety. 15 Ark. 132; 35 Ark. 463; 34 Ark. 44; 29 Ark. 579; Tiedeman on Com. Paper § 421; 17 Johns. 384; 5 Ark. 223; 6 Ark. 123.

McCULLOCH, J. The plaintiff, James L. White, was formerly sheriff of Hempstead County, and, after the expiration of his term of office, he instituted this action against the defendant, M. W. Wilson, as surety on a note in the following form executed for the amount of a fine and costs adjudged by the circuit court of that county against J. J. Robertson, the principal:

"On or before the first day of October, 1901, I, Joe Robertson, principal, M. W. Wilson, sureties, promise to pay to James L. White, sheriff of Hempstead Co., Arkansas, the sum of two hundred and forty and 10-100 dollars, the amount of fine and cost adjudged against the said Joe Robertson in two cases by the State of Arkansas, at the April term, 1901, of the Hempstead Circuit Court.                    J. J. Robertson, Principal."

This note was filed in the office of the circuit court clerk immediately after its execution, and it bears the indorsement of the clerk showing that fact. The plaintiff alleges in his complaint that the county court charged him with the amount of said fine and cost against Robertson, and compelled him to pay it, and that he did pay it.

The defendant interposed a demurrer to the complaint on the following grounds, to-wit:

"1. That the plaintiff was never liable to pay the note upon which this suit is brought, and had no right to assume the indebtedness represented by the same, and has now no legal capacity to bring or maintain this suit.

"2. That there is a defect of parties plaintiff in this cause, and that, if this suit should be brought at all, it should be brought for the use and benefit of Hempstead County, whereas the plaintiff has assumed the indebtedness, as he claims, and now sues in his own right and capacity.

"3. That the plaintiff's complaint does not state facts sufficient to constitute a cause of action."

The court overruled the demurrer, and the defendant filed his answer, in which he denied that plaintiff was liable for or had been compelled to pay the amount of the note to the county; and alleged that after the note matured Robertson, the principal, was solvent, and continued to be solvent until he was subsequently adjudged a bankrupt and discharged in bankruptcy; that he had sufficient property in the county subject to execution out of which the debt could have been made, and that defendant had made demand upon plaintiff to issue execution against Robertson and levy the same on his property, but that plaintiff had failed and refused to do so; and that plaintiff had permitted Robertson to sell and dispose of his property without making any effort to collect the debt from him.

The case was tried before a jury, and a verdict in favor of plaintiff for the amount of the note and interest was returned.

The evidence shows that Robertson was discharged in bankruptcy some time after the note became due; and the testimony is conflicting as to whether or not he was solvent at any time after the maturity of the note.

The court refused to give instructions asked by defendant

to the effect that, if plaintiff had notice of the bankruptcy proceedings and failed to file the note as a claim against the Robertson's bankrupt estate, he could not recover from the defendant. The court also refused to give the following instruction asked by the defendant:

"No. 9. You are instructed that if you believe from the evidence that the plaintiff, J. L. White, levied execution upon the property of the said J. J. Robertson and afterwards stayed said execution, and the lien on said Robertson's property was thereby lost, and the defendant, M. W. Wilson, deprived of his right or power to be indemnified out of the property of the said Robertson, you will find for the defendant."

The note was not in form or substance such as is provided for by statute. The statute provides that whenever any person shall be convicted of a misdemeanor he may give security, to the satisfaction of the sheriff, constable or other officer, for the payment within thirty days of the fine and cost (Kirby's Digest, § 1901) ; and that the officer taking such security "shall forthwith file with the court or justice of the peace rendering the judgment the bond or note so taken, which bond or note when so filed shall have the force and effect of a judgment; and, if the same be not satisfied at the maturity thereof, the clerk of the court, or justice of the peace, as the case may be, shall issue an execution against the defendant and the said securities." Kirby's Digest, § 2475. Now, the note in controversy failed, in two respects, to conform to the statute, viz.: It was not payable to the State of Arkansas and the same was not made payable within thirty days. It did not, therefore, have the force and effect of a judgment under the statute. *Dillard* v. *Nelson,* 78 Ark. 237; *Lowenstein* v. *McCadden,* 54 Ark. 13 ; 4 Am. & Eng. Enc. Law, p. 667. But it is valid as a common-law obligation, and binds the principal and surety for the payment of the amount named therein. 13 Am. & Eng. Enc. Law, p. 1139; 27 *Ib.* pp. 448, 539, and cases cited.

The statutes of this State make it the duty of sheriffs to collect all fines, penalties and forfeitures adjudged against defendants in circuit courts, and county clerks are required to charge sheriffs with all such fines, etc. Kirby's Dig. § § 7191, 7193.

The taking of a bond not in conformity with statutory requirements does not acquit the officer of liability for the fine and cost adjudged against a prisoner in his custody, even though the bond be valid as a common-law obligation. The plaintiff was therefore liable for the amount of the fine and cost adjudged against Robertson, and the county court properly compelled him to pay it.

By paying the amount pursuant to orders of the county court he became subrogated to all rights of the county in the obligation executed by Robertson and the defendant as his surety. 27 Am. & Eng. Enc. Law, p. 254; *Denson* v. *Horn,* 4 Tex. App. Civ. Cas. 226. Some authorities hold that payment of a judgment by an officer for which he is liable by reason of his failure to perform his duty with respect to the process in his hands is voluntary, and does not entitle him to subrogation to the rights of the judgment creditor, unless judgment be first rendered against such officer for the amount. This doctrine does not seem to be sustained by the weight of authority (27 Am. & Eng. Enc. Law, p. 255); but, even if it be correct, the judgment of the county court ordering the plaintiff to pay the amount was such an adjudication of his liability as to justify him in paying it without laying himself open to the charge of being a volunteer. It was an adjudication of his liability which was final and complete against him and the sureties on his official bond. Kirby's Dig. § 7196; *State* v. *Wood,* 51 Ark. 205. The right of subrogation is purely equitable, it can be enforced only in equity, and the remedy is subject to all the rules governing the enforcement of equities. Sheldon on Subrogation, § 4; 6 Pomeroy's Eq. Jur. § 922.

The evidence does not establish a defense to the plaintiff's right of subrogation. Nothing is shown to have occurred which operated as a discharge of the surety on the bond. Mere delay or failure to sue the principal or to present the claim against his estate in bankruptcy did not discharge the surety. 1 Brandt on Suretyship & Guaranty, § 508.

The evidence shows that, after the defendant had sued Robertson for another debt and caused an attachment to be levied on his property, an execution was issued on this bond, the officers of the county supposing it to be valid as a statutory

bond, and levied on property of Robertson, but the levy was afterwards released, and the execution withdrawn on advice of the prosecuting attorney. It is urged that this released the surety. It is undoubtedly the rule that if a creditor has security for a debt and also a lien on property of the principal, and he relinquished such lien, or by his act such lien is rendered unavailable for payment of the debt, the surety is discharged, to the extent of the value of the lien thus lost. 1 Brandt on Sur. & Guar. § 480. But no valid lien was acquired by virtue of the execution. The execution was void, and constituted no lien on the property of the defendant in execution. As no injury resulted from the withdrawal of the execution, the surety could not complain.

The defendant testified that he sent to the plaintiff by mail a letter requesting him to proceed against Robertson for the collection of the amount of the note, and this is also urged as a discharge of the surety. The plaintiff denies that he ever received the letter, and there is no proof that he received it. But, even if the letter had been received by plaintiff, his failure to sue or proceed against the principal in the note did not discharge the surety. The plaintiff had not then paid the debt, and was not the owner of the note by right of subrogation, and could not, therefore, bring suit on it against the principal as provided by statute. The note was, as we have already said, merely a common-law obligation to the State or county for the payment of the fine and cost. Though the sheriff of the county is ordinarily the collecting officer of the county, he has no authority to institute actions to enforce obligations to the county, and the notice to him was insufficient.

The statutory provision (Kirby's Digest, § § 7921, 7922) requiring an obligee to sue the principal within thirty days after demand made upon him by a surety is in derogation of the contractual rights of the parties, and the statute must be strictly complied with by the surety before he can claim a discharge by the reason of the failure of the obligee to sue the principal. *Thompson* v. *Treller, ante* p. 247.

The judgment of the court is therefore right, testing it, upon the proof adduced, by the equitable principles involved, and should not be reversed merely because the action should

have been prosecuted in equity, instead of a court of law. The defendant, by failing to move to transfer to equity, waived his right to have the case heard in a court of equity. *North American Trust Co.* v. *Chappell*, 70 Ark. 507; *Collins* v. *Paepcke-Leicht Lumber Co.*, 74 Ark. 81.

Affirmed.