## Schneider v. Coker.

## Opinion delivered December 7, 1914.

1. Suretyship—Judgment against Surety—Notice.—Judgment may be rendered summarily against the surety on a replevin bond without any notice additional to that which the surety has constructively received by reason of his making himself a party to the record as surety on plaintiff's bond.

2. Surety Bond—Replevin—Liability.—The surety on plaintiff's bond in a suit in replevin, is liable only when the property has been taken by the plaintiff under the order of delivery, and a judgment against the surety is not authorized when the plaintiff has secured possession some other way. (Kirby's Digest, § 6871.)

3.  SUMMARY JUDGMENT—STATUTORY AUTHORIZATION.—A court can not
    proceed summarily, except when authorized by statute.

Appeal from Pulaski Circuit Court, Third Division;
*W. G. Hendricks,* Judge; reversed.

*W. C. Adamson,* for appellant.

1.   The court erred in refusing to grant the prayer
of appellant Schneider. The burden of proof was on the
appellant to show nothing more than that the judgment
was inconsistent with the record, and what the record
was. Kirby's Digest, § 3107; 28 Cyc. 15.

2.   Appellant having shown conclusively that the
judgment was inconsistent with the record, the burden
shifted to the appellee to show that the recitals in the
judgment were wrong, and that the judgment was not
based on the return of the constable; and this must have
been proved by evidence that was clear, decisive and un-
equivocal. 92 Ark. 305. Appellee made no attempt to
prove the allegations of her motion, and the same should
have been overruled.

3.   The court erred in rendering the original judg-
ment. Defendant was estopped from contending that she
was not in possession of the property. 74 Ark. 340; 94
Ark. 1. An officer's return is conclusive against the de-
fendant. If it is not true, the remedy is against the offi-
cer for false return. 25 Ark. 312; 39 Ark. 70; 40 Ark.
141; 44 Ark. 202.

*Fred McDonald,* for appellee.

McCulloch, C. J. This is an appeal by a surety on
the plaintiff's replevin bond from a judgment against
him and the plaintiff for the return of the property sued
for, or its value. The plaintiff, Mrs. Jennie Wallace, in-
stituted the action before a justice of the peace against
the appellee to recover possession of certain personal
property; and after the order of delivery was placed in
the hands of the sheriff, she executed and delivered to
said officer a bond with appellant, Schneider, as security,
as provided by statute (Kirby's Digest, § 6857), under-
taking that the plaintiff should duly prosecute the action

and perform the judgment of the court therein by returning the property, if a return thereof be adjudged, etc. The sheriff executed the writ by taking the property into his possession, but within two days, the defendant, as allowed by statute, gave bond to retain the property and the same was returned to her. These facts are recited in the return of the sheriff upon the writ, and both the bonds were returned. The trial of the cause before the justice of the peace resulted in judgment in favor of the plaintiff for the recovery of the property, and appellee appealed to the circuit court. When the case was called for trial in the circuit court, the plaintiff failed to prosecute, and judgment by default was rendered in favor of defendant and against the surety on the plaintiff's bond, the judgment containing a recital that, according to the return of the sheriff the property had been delivered to the plaintiff under the order of delivery issued at the commencement of the action. At a subsequent term of the circuit court, appellant and appellee each filed a motion to amend the record of the judgment, and the court entered an order *nunc pro tunc,* amending the record so as to strike out the recital to the effect that the return of the sheriff showed that the property had been delivered to the plaintiff, and to merely recite the fact that "the plaintiff is now in the possession of the property." This appeal was taken by appellant, the surety on the bond, within one year from the date of the original judgment, and by the appeal he challenges the authority of the court to render a judgment against him on the bond.

(1) The judgment against the surety was rendered summarily by the court without any notice except such as is constructively given to him by reason of him making himself a party to the record as surety on the bond. No additional notice was necessary if the judgment falls within the authority conferred upon the court by the statute. The appeal, however, brings up for review the entire record for the purpose of determining whether the judgment was authorized.

It does not appear from the face of the record by what means the property came into the possession of the plaintiff, but the presumption may be indulged that possession was obtained under the judgment of the justice of the peace. At any rate, the return of the sheriff shows that the property was not delivered to the plaintiff under the order of delivery, but that the same was surrendered to the defendant upon the execution of a retaining bond in accordance with the terms of the statute.

(2-3) The question presented, therefore, is whether or not under those circumstances the circuit court had authority to render a judgment against the surety for the return of the property. It is clear that the statute conferred no such authority. It provides that if judgment be given for the defendant in the action, the court may render judgment against the plaintiff "for the value of the property taken under the order of delivery in the case, provided the same has not been surrendered to the defendant upon bond," and may also render judgment against the sureties on the bond of the plaintiff for the value of the property." Kirby's Digest, § 6871. It will be seen from a consideration of the terms of the statute that the court is authorized to render judgment against the surety only when the property has been taken by the plaintiff under the order of delivery, and such judgment is not authorized where the plaintiff has secured possession in some other way, as in this case under the judgment of the justice of the peace. The bond of the plaintiff served its purpose when the property was taken by the sheriff, and then returned to the defendant upon the execution of a retaining bond. The plaintiff was entitled to possession which was adjudged to her by the justice of the peace unless that judgment was superseded. A judgment in favor of the defendant in the circuit court entitled her to a return of the property, but not to a judgment against the surety. A court can not proceed summarily unless authorized by the statute. *Lowenstein* v. *McCadden,* 54 Ark. 13; *Martin* v. *Tennison,* 56 Ark. 291; *Dillard* v. *Nelson,* 78 Ark. 237.

Our conclusion is that the judgment against appellant, as surety on the bond, was unauthorized. The same is therefore reversed and set aside.