## WILSON v. CHANEY.

### Opinion delivered March 1, 1915.

1. SHERIFF—DUTY TO COLLECT FINE FROM PRISONER.—Where the sheriff has in his custody a prisoner, against whom a fine has been adjudged, it is his duty to collect the fine, and he is chargeable with and liable therefor, or it is his duty to require the prisoner to pay the same by work, as provided in the statutes.

2. CRIMINAL LAW—LIABILITY OF DEFENDANT TO PAY FINE.—Where a fine has been adjudged against a defendant, he is not relieved of his duty to pay the same, where the sheriff released him without exacting payment from him.

3. SHERIFF—DUTY TO COLLECT FINES.—It is the duty of a sheriff to collect all fines, imposed during the incumbency of his predecessor in office, and which have not been paid.

4. CRIMINAL LAW—FINES—NOTE OF DEFENDANT—LIABILITY OF SURETY THEREON.—A fine in a criminal prosecution was adjudged against one W. W. was released by the sheriff, without payment of the fine. Appellee, who succeeded the sheriff in that office, then secured a note from the defendant W. for the amount of the fine and costs. Held, the appellee could maintain an action on the said note, and that the defendant and sureties with him on the said note would be liable thereon.

Appeal from Montgomery Circuit Court; *Calvin T. Cotham*, Judge; affirmed.

STATEMENT BY THE COURT.

In September, 1912, Joe Wilson was convicted of a misdemeanor and fined by the judge of the Pike Circuit Court. T. P. Rogers, at that time, was the sheriff of the county. He permitted Wilson to return to his home in Montgomery County without having paid the fine and costs, and without giving any security for the payment of same. The then sheriff, Rogers, failed to comply with the statutes in regard to the collection of the fine and costs, and at the time his term of office expired the fine and costs had not been paid by Wilson.

J. E. Chaney succeeded Rogers as sheriff of Pike County and after Chaney had been in office about fourteen months Tom Parsons, a deputy of Chaney, was sent to collect the fine and costs. He went to Montgomery County and arrested Wilson, and then took a note from Wilson in settlement of the fine and costs, which is as follows:

"$114.20.                                January 1, 1914.

"Sixty days after date we promise to pay to the order of J. E. Chaney the sum of one hundred fourteen and 20/100 dollars. Value received.

                                "Joe Wilson,
                                "J. R. O'Neal,
                                "J. S. Wilson,
                                "Austin Wilson,

"Due March 1, 1914."

The appellee brought this suit against the appellants in the justice court on March 13, 1914. Appellants answered, setting up that the court had no jurisdiction, and defended on the grounds that the note sued on did not conform to the statute in such cases, and that there was therefore no consideration for it.

The appellee testified that he was not sheriff of Pike County at the time the fine was assessed against the appellant Joe Wilson, but that his successor turned over to

him an account showing the fines that were due the county, and that among these was the fine against Joe Wilson; that said fine had never been paid. His testimony and the testimony of Parsons further shows that the appellant Joe Wilson executed the note in suit in payment of the fine and costs that had been adjudged against him in the Pike Circuit Court, and that the other appellants signed as his sureties, and that the appellant, Joe Wilson, who was under arrest at the time the note was executed, was released from custody after the execution of the note.

The testimony showed that there had never been any judgment rendered against appellee Chaney in the Pike County Court for the amount of the fine and costs that had been adjudged by the circuit court against Wilson.

Appellant Wilson testified that he was due the State of Arkansas a fine that had been adjudged against him by the Pike Circuit Court. The fine had been due about a year; that he was in the custody of the officer at the time he executed the note in suit, and after executing the note he was released.

The other appellants testified that they signed the note as sureties for Joe Wilson, and the testimony tended to prove that they did so for the purpose of securing his release.

The court, over the objections of the appellants, instructed the jury to return a verdict in favor of the appellee in the sum of $114.20, with 6 per cent interest from March 1, 1914. The verdict was in accord with the directions, and judgment was entered in favor of the appellee against the appellants for the amount of the verdict, and this appeal has been duly prosecuted.

*Gibson Witt,* for appellants.

It was the duty of the former sheriff, Rogers, to collect the fine, and of the county clerk to charge him with the amount thereof. Kirby's Dig., §§ 7191-7193. It was Rogers' duty to settle with the county at the next quarterly term for the amount of the fine, or, at the furthest, at the expiration of his term. *Id.,* § 1356.

The note sued on is not in form or substance such as is provided by law, and did not have the force and effect of a judgment under the statute. *Id.*, §§ 1091, 2475; 82 Ark. 407; 78 Ark. 237; 54 Ark. 18; 4 Am. & Eng. Enc. of L. 667.

It is not valid as a common law obligation. The evidence clearly shows that the county court had never charged the former sheriff with the amount of the fine and costs. He could not have collected the note had it been given to him, because his liability had never been adjudicated, he had never paid the fine to the county treasurer, and was, therefore, not subrogated to the rights of the county.

There is no statute making a sheriff responsible for fines adjudged against offenders during the term of office of his predecessor.

*Appellee, pro se.*

Rogers' term having expired and the fine not having been paid, it was appellee's duty to attempt to collect it; and he was the proper person to whom to make the note payable. The time had passed in which to make it payable to the State. Kirby's Dig., § 6002. The defendant was not acquitted of liability by the failure of the former sheriff to take the bond contemplated by the statute.

WOOD, J., (after stating the facts). (1-2-3) It was the duty of Rogers, who was the sheriff of Pike County at the time the fine was adjudged against appellant Joe Wilson, to collect such fine, and it was the duty of the clerk of the county court to charge him up with such fine, and, under the law, Rogers was liable for such fine and could not be relieved of the same except upon certain conditions. See, Kirby's Digest, §§ 7191 to 7193 inc. It was the duty of Rogers, the then sheriff to have secured the payment of the fine or to have had the prisoner pay the same by work in the manner provided in the statute. Kirby's Dig., § 1091. But the failure of the county officers to comply with the statutes concerning the collection of fines and costs at the time the appellant was convicted in the Pike Circuit Court did not operate to relieve ap-

pellant of the debt due the State on account of such fine and costs. So far as he was concerned that debt or obligation to the State remained against him so long as the judgment was unsatisfied by immediate payment of the same in money or otherwise in the manner prescribed by the statute. Appellant not having paid off or satisfied the judgment against him at the time the appellee became sheriff of the county, it was the duty of the appellee as sheriff and collector of fines, penalties and forfeitures adjudged against defendants in circuit courts of the State to endeavor to collect such fines and costs. Kirby's Dig., section 7191.

(4) While appellee and his bondsmen could not have been made liable for the fine, since the same was adjudged against the appellant during the term of appellee's predecessor in office, still it was his duty, as we have seen, to collect such fines and costs from the appellant Joe Wilson, and to this end he could have had execution issued, or a warrant, and could proceed to arrest the appellant and to confine him to pay the fine and costs, which, so far as appellant Joe Wilson was concerned, had not, up to that time, been paid. And when the appellee, as the sheriff whose duty it was to collect the fine and costs, proceeded to arrest the appellant the obligation that appellant was under to pay the fine and costs that had been adjudged against him was sufficient consideration for the note which he executed to the appellee in settlement of the fine and costs and when the appellee effected the arrest of the appellant and released him upon the excution of the note not in the manner provided by the statute, and in this manner allowed appellant to settle the fine and costs, appellee and his bondsmen became primarily liable to the State for the amount of the fine and costs as represented by the note.

In *Wilson* v. *White*, 82 Ark. 407-411, speaking of a note that was taken by a sheriff in payment of a fine and costs which did not conform to the statutory requirements, we said: "Now the note in controversy failed

in two respects to conform to the statute. It is not payable to the State of Arkansas, and the same was not payable within thirty days. It did not, therefore, have the force and effect of a judgment under the statute, but it is valid as a common law obligation and binds the principal and his sureties for the payment of the amount named therein."

It follows that the appellee had the right to maintain this suit and that the appellants are liable to him for the amount of the note, and that the jugdment of the court to that effect is correct. The same is therefore affirmed.