HEER ENGINE COMPANY v. PAPAN.

Opinion delivered February 9, 1920.

1. SALES—WARRANTY—NOTICE OF BREACH.—Where a contract of sale of a tractor required notice by telegram of its failure to fulfill the warranty within six days from its first use, and also provided for a demonstration which continued for six days, notice given within a day after the demonstration was in time.

2. SALES—BREACH OF WARRANTY—EVIDENCE.—Evidence that a purchaser of defendant's tractor could do more work with eight mules than he could with the tractor, that a ten-horse power tractor purchased from third parties developed a greater horse

power, and that on wet ground defendant's tractor would spin around and sink into the ground and stall the machine, supported a finding by the chancellor that it did not develop sixteen horse power as warranted.

Appeal from Prairie Chancery Court, Southern District; *John M. Elliott,* Chancellor; affirmed.

*John L. Ingram,* for appellant.

The contract shows appellee purchased the tractor and that he never paid for it as he agreed. It was delivered to him as per contract. A satisfactory demonstration was not agreed to in the contract of sale. The contract contains no warranties or representations other than those that it was sold as a 24-brake horsepower, 16 tractive horsepower, and was warranted to develop the horsepower at which it was rated. There is no proof that the engine failed to develop its rated horsepower. The burden was on appellee, and he has failed. The decree is not sustained by the evidence, and should be reversed. Notice was not given within the time designated by the appellee.

*Lee & Moore,* for appellee.

The tractor was not up to specifications and warranty, and the company was duly notified that appellee would not accept. A demonstration was made, and appellant duly notified that the tractor was not acceptable and did not come up to warranties and representations. 106 Ark. 411. The demonstration was not satisfactory, and the tractor was not as represented and guaranteed, and the chancellor properly held that appellee was not liable. 79 Ark. 506; 100 *Id.* 17; 203 S. W. 695.

HART, J. Heer Engine Company brought this suit in equity against John A. Papan to recover the purchase price of a tractor which it claims was sold under a written contract dated February 27, 1914, and also asked for a foreclosure of the vendor's lien on the tractor. The defense was that the tractor did not develop the horse power warranted in the contract of sale in the demonstration of it, and that it was never accepted.

The chancellor found in favor of the defendant, and a decree was entered accordingly.

John A. Papan owned a farm of 640 acres in Prairie County, Arkansas, and used twelve mules in cultivating it. It was level land and he usually plowed about 340 acres every season and raised principally rice, oats and corn. He entered into correspondence with the Heer Engine Company for the purchase of a tractor to be used in plowing his land, and all the above stated facts were contained in the correspondence with the plaintiff.

C. Heer, the president of the plaintiff company, met John A. Papan at Stuttgart, Arkansas, and on behalf of his company entered into a written contract with him for the sale of a 16-horsepower tractor for the price of $1,700. The description of the tractor in the contract is as follows:

"One of your 24-brake H. P. 16-tractor H. P. four-wheel drive tractors, with the fixtures and equipment usually furnished with your tractors."

The contract contained a warranty clause as follows:

"It is warranted that it will be well made and of good material and workmanship. That it is. capable of developing the horse power at which it is rated. If any part (excepting batteries, magnetos, and spark plugs, which are not warranted) prove defective within one year from shipment of said tractor through inferior material, or workmanship, same shall be furnished free by the Heer Engine Company on board cars at Portsmouth, Ohio. Defective parts will be returned prepaid to the Heer Engine Company, Portsmouth, Ohio, for inspection, and, if found defective, charges made for such replaced parts to be remitted. If within six days from its first use, it should fail to fill the warranty, purchaser shall notify the Heer Engine Company at their office at Portsmouth, Ohio, by registered letter and telegram, stating specifically wherein it fails to do so, and if this defect cannot be remedied by instructions by mail, company shall within a reasonable time send a person to operate the tractor and correct the defects, if any, purchasers to

render such friendly assistance as may be required. If the tractor cannot be made to develop the guaranteed power, purchaser shall thereupon return the tractor to the place where he received it, notify the company by telegram and registered letter at said home office that he has done so, and company shall then have the option to replace it with another, on the conditions herein set forth, or replace defective part or parts or to take back the tractor and return the purchaser's cash and notes received. This to constitute full settlement between the parties, and no further claim shall be made for any cause or reason for failure of machinery to fulfill warranty.''

The contract also provided that the plaintiff should furnish a competent operator without charge to make a demonstration of the tractor. Pursuant to this contract the plaintiff shipped the tractor to Stuttgart, Arkansas. There John Morgan, an expert engine operator and the demonstration agent of the plaintiff, took charge of the tractor and carried it to the farm of John A. Papan and with the assistance of Papan and his son made a demontration of the machine for six days. According to his testimony the operation of the machine was successful, and it in all respects came up to the warranty made in the contract.

According to the testimony of Papan and his son, the tractor would not operate in wet ground at all, and did not develop the horsepower as warranted in the contract. They testified that they could do more work in a day with eight mules and said that in wet ground the wheels of the tractor would just spin around and dig a hole in the ground. They afterwards purchased a 10-horsepower tractor and said that it would pull bigger loads than the tractor of the plaintiff could pull.

It was also shown by the defendant that the demonstration of the tractor lasted six days; that on the afternoon of the sixth day the defendant notified the demonstration agent of the plaintiff that he would not accept the tractor because it did not develop the horsepower provided for in the contract; that on the next day the de-

fendant notified the plaintiff both by telegram and by registered letter that he did not accept the tractor because it did not develop the horsepower provided for in the contract.

As above stated, the chancellor. found in favor of the defendant, and it cannot be said that his finding in that regard is against the preponderance of the evidence.

The contract provides that if within six days from its first use the tractor should fail to fulfill the warranty, the purchaser should notify the plaintiff by registered letter and by telegram stating specifically wherein it failed. When the tractor arrived at Stuttgart, Arkansas, the demonstration agent of the palintiff took it to the defendant's farm and worked with the defendant for six days in testing the tractor. The defendant, on the afternoon of the sixth day, notified the demonstrator that it did not develop the horsepower provided for in the contract, and for that reason he would not accept it. He notified the plaintiff, both by letter and telegram on the next day. This was a sufficient compliance with the provision in regard to notice. Under the circumstances as disclosed by the record, the period of demonstration would be considered as the first use of the machine contemplated by the contract, and, the notification having been made the next morning after the demonstration had been finished, it was necessarily within the six days.

It is next contended that the court erred in holding that the tractor did not develop the horse power at which it was rated. We cannot agree with counsel in this contention. The contract of sale was for a 16-horsepower tractor, and it was warranted to be capable of developing the horsepower at which it was rated.

The defendant testified that he could do a great deal more work in a day with eight mules than he could with the tractor. It is true as contended by counsel for the plaintiff that the word "horsepower" is a unit of measurement for energy in steam or gasoline engines, and that it cannot be measured by what a horse could pull in the same length of time; yet the fact that eight mules could

pull more in a day than a tractor rated as a 16-horse-power tractor was a circumstance to be considered by the court in determining whether the tractor could develop the horsepower at which it was rated.

Again the defendant and his son both testified that they afterwards purchased a 10-horsepower tractor, and that it developed a greater horsepower than the 16-horse-power tractor in question. They also stated that on wet ground the wheels of the tractor would spin around and sink in the ground and stall the machine.

These circumstances were sufficient to warrant the chancellor in finding that the tractor was not capable of developing the horsepower at which it was rated.

It follows that the decree will be affirmed.