## THOMAS *v.* SCHAAD.

Opinion delivered March 22, 1926.

1. SALES—REMEDY ON WARRANTY.—Under a contract for the sale of machinery which contained a warranty that it would do its work properly, and provided that, upon a failure to do so, immediate notice should be given to the seller and an opportunity afforded to remedy any defect, and that ten days' use of same will be conclusive evidence of fulfillment of warranty and acceptance," *held* that, where the purchaser retained the machinery for more than a year without making complaint, it was not error to direct a verdict in favor of the seller for the purchase money.

2. REPLEVIN—DELIVERY BOND—LIABILITY OF SURETIES.—Where the defendant in replevin retained the property by executing a delivery bond, under Crawford & Moses' Dig., § 8649, upon affirmance of an adverse judgment against him, a judgment against the sureties thereon will be entered.

Appeal from Columbia Circuit Court; *L. S. Britt,* Judge; affirmed.

Henry Stevens and *J. E. Hawkins,* for appellant.

*McKay & Smith* and *John W. Newman,* for appellee.

SMITH, J.  Appellees brought suit in replevin to recover certain sawmill machinery which they had sold under a written contract dated July 11, 1919.  The writing referred to described the property sold, which was a part of a sawmill outfit, and retained title until the purchase money was paid.

Appellant—the defendant below—filed an answer, in which the execution of the writing evidencing the sale of the machinery and the reservation of the title was admitted, but alleged that defendant had bought other machinery from plaintiffs, which was sold under a warranty, and that the machinery so sold did not comply with the warranty.  The answer specified the various pieces of machinery so bought, alleging its contract price, and its actual value by reason of alleged differences between the articles bought and the articles received, and the sum total of these differences in value was alleged to be $2,042.89, and for this sum the defendant prayed judgment, less the amount of the contract sued on, which was in the form of a note.

The defendant admitted that the machinery which he had bought from the plaintiffs had been purchased under a written contract which he had signed.  The contract covering this machinery contained the following express warranty:

"Warranty.  This machinery is fully warranted to be good material, and well made, and with proper management to perform what is claimed for it in printed circulars or catalogues of manufacturers making the machinery specified herein.  But if, upon a full and fair trial, it should not properly do its work, then immediate notice must be given Ben D. Schaad Machinery Company, at Little Rock, Ark., and reasonable time allowed to send a competent man to remedy the defect, and in case the trouble be caused from a clearly defined original defect

in the machine itself, then Ben D. Schaad Machinery
Company will furnish the defective part without charge;
defect in any part not to condemn other parts. And if, on
trial, the machine can not be made to perform the work
of a capacity for which it was sold, as per this order,
then Ben D. Schaad Machinery Company agrees to take
said defective part of machinery back, and refund so
much of cash payment and notes as applied to the defec-
tive machinery. The purchaser agrees to properly put
up and operate the machinery according to· the printed
or written directions furnished by the manufacturers,
and that, if the fault be traceable to not putting up or
operating according to printed or written directions, pur-
chaser agrees to pay all expenses incurred in rectifying
it. Ten days' use of same will be conclusive evidence
of fulfillment of warranty and acceptance. Any failure
on the part of the purchaser to comply with his contract
releases this warranty entirely.''

Defendant admitted that he had not complied with
this warranty, and that he had received the machinery
covered by the warranty and had set it up in September,
1919, and had since that time been operating it. The suit
was commenced in December, 1920, and defendant re-
tained the possession of the property which plaintiffs
sought to replevy. Defendant executed a delivery bond
in the sum of $3,000, conditioned that the defendant
''shall perform the judgment of the court in this action.''

At the conclusion of all the testimony the court
directed the jury to return a verdict in favor of the
plaintiffs for the amount of the purchase price of the
machinery in question, and this was done, and judgment
was rendered against defendants and the sureties on the
bond for the sum named in the jury's verdict.

Under the facts stated, the plaintiffs were entitled to
a judgment, and there was no error therefore in direct-
ing the jury to· return a verdict in their favor. The exe-
cution of the contract and the nonpayment of the speci-
fied purchase price were admitted, as well as the retention
of the title, and the defendant sought only to set-off

against that demand a certain claim arising out of an alleged breach of warranty of other machinery. But the contract of sale of that machinery itself provided what the purchaser's remedy should be in the event the machinery did not measure up to the standard of the goods sold. This was, that the plaintiffs should be notified of any trouble, and to be given a reasonable opportunity to remedy any defect, and if any of the machinery was defective and did not perform its work, the defective machinery was to be returned, and the purchase money paid for any defective machinery was to be returned to the purchaser. Appellant failed to pursue the remedy contracted for under the warranty herein set out, and appears to have used the machinery for a number of years without complaint. *Crockett* v. *McClure Co.,* 136 Ark. 128; *Southern Eng. & Boiler Works* v. *Globe Cooperage & Lbr. Co.,* 98 Ark. 482; *Duffie* v. *Pratt,* 76 Ark. 74; *Pratt* v. *Meyer,* 75 Ark. 206; *Heer Engine Co.* v. *Papan,* 142 Ark. 171.

Complaint is also made of the form of the verdict returned. But no objection appears to have been made to the form of the verdict at the time it was returned, the objection being that a verdict should not be directed, and we think the judgment rendered was a proper one. A delivery bond was given, under which the defendant retained and used the machinery for a total period of about five years, nearly three years of which expired after the execution of the bond. The bond was conditioned as required by law "that the defendant shall perform the judgment of the court in the action." Section 8649, C. & M. Digest. It was proper therefore to render a judgment against the sureties thereon. *Dillard* v. *Nelson,* 78 Ark. 237; *Rogers* v. *Tri-State Motor Sales Co.,* 165 Ark. 590; *Schneider* v. *Coker,* 115 Ark. 490.

We conclude therefore that the court properly directed the verdict which was returned, as no legal defense to the action was shown, and the judgment rendered thereon is affirmed.