## Mayfield v. Creamer.

BOND: *Of vendee of personal property, in action to enforce vendor's lien.*
   The bond authorized by act of March 9, 1877, to be given by the defendant in an action by the vendor against him to enforce his lien upon personal property for the purchase-money, is absolute for the payment of the judgment recovered in the action, and can not be avoided by an offer to deliver up the property, or by a plea that the vendor had no title to it.

APPEAL from *Phillips* Circuit Court.

Hon. J. N. CYPERT, Circuit Judge.

*John C. Palmer*, for appellant:

The intention of the Legislature was to secure the property sold by the vendor in the hands of the vendee and

Mayfield v. Creamer.

subject it to the payment of the debt (*Act March 9, 1877*), and not to go beyond or outside of the property sold, or to substitute personal liability therefor. See *Ward v. Carlton et al.*, *26 Ark., 662*.

The bond is similar to that in replevin, and the liability the same (*sec. 5042 Gantt's Digest*), and may be discharged by delivery of the property.

Where property is taken from sureties by process of law, over which they had no control, they are discharged. *Brandt on Suretyship and Guaranty*, *553*, *sec. 419; 12 Wend*, *589*.

*M. T. Sanders*, for appellee:

1. The first part of the answer raises only a question of law. *Creamer v. Creamer*, *36 Ark., 92*.

2. The second part was the same defense set up in the original suit, in which appellee had judgment. The judgment is conclusive, in the absence of fraud. *Freeman on Judgments* (*1st ed.*), *secs. 176, 180; Collin v. Mitchell*, *5 Fla., 371; Heard v. Lodge*, *20 Pick., 53; Stovall v. Banks*, *10 Wall., 583*.

If a man undertakes to pay a judgment which may be recovered against another, he can not go behind that judgment. *Church v. Barker*, *18 N. Y., 463; Castle v. Noyes*, *14 N. Y., 329; Brown v. Sprague*, *5 Denio*, *545*.

3. The liability attaches on the rendition of the judgment against defendant. (*11 Ark., 697; 30 ib., 351.*) This was such a bond as contemplated by *sec. 416 Gantt's Digest*, and no inquiry can be made as to the sufficiency of the ground of attachment, seizure of property, nor the liability of the property taken, etc. *Hazelrigg v. Donaldson*, *2 Metc. (Ky.), 445*.

"When a defendant bonds property, plaintiff looks not to the property attached, but to the bond for a satisfaction of any judgment he may obtain." *26 Ark., 665*.

EAKIN, J.   Cassa Creamer sued Mayfield as surety on a
bond, which had been given by Peter Creamer and W. D.
McMasters, defendants in a former suit against them by
Cassa Creamer to recover the price of personal property
sold to them, and in their possession.   The suit was under
the act of the ninth of March, 1877.   The bond executed
by the defendants and Mayfield was to the effect that the
said defendants would perform the judgment of the court
in that action.   These matters are set forth in the present
complaint, with the further allegations that complainant
recovered the sum of $344.50 on the sixth of June, 1879,
and that it remained unpaid.

Defendant, in his answer, not paragraphed, set up two
grounds of defense:   First, that the bond was given as
provided by law in replevin (*section 5042 Gantt's Digest*),
was the same in form, and should have the same effect—
that is, to secure the forthcoming of the property; second,
that the original vendor of the property, for the price of
which the former action was brought, was not in fact the
owner of a great part of it, specifically described, and that,
after the execution of the bond, that portion had been
recovered from the vendees in an action of replevin by a
third party.   He offers to return the remaining portion.

A demurrer to this answer was sustained, and defendant
appealed.

The statute of March 9, 1877, was construed by this court
in the case of *Creamer v. Creamer et al., 36 Ark., 91*, in which
it was held that the bond contemplated therein was not in
the nature of the retaining bond in replevin, but rather
like that provided for in *section 416 of the Digest*, in case of
attachment, in order to have it discharged.

Such a bond, in effect, as well as in terms, is absolute, to
perform the judgment of the court.   It is, then, matter of
indifference to the plaintiff what becomes of the property.

He relies upon the bond. It is no defense to the bond to say that the vendor had not title. That might be pleaded in the original suit, and if the defendant should set it up, he ought not to wish to retain the property, or call in sureties to enable him to do so. If he does the latter, he and his sureties must be held to their undertaking, and must abide the judgment of the court.

The first part of the answer set up was matter of law. The second part showed no facts constituting a defense. The demurrer was properly sustained.

Affirm the judgment.