FONDREN *v.* NORTON.

Opinion delivered June 1, 1908.

ATTACHMENT—INTERVENER GIVING MONEY IN LIEU OF BOND—EFFECT.— Where, in a suit for the purchase money of a chattel, an order was issued directing the constable to take possession of the chattel, as provided by Kirby's Digest, § 4967, and a stranger who had possession thereof delivered to the constable a sum of money in lieu of a bond and kept the chattel, and thereafter interpleaded for it, it was error to treat the money as absolutely liable for whatever judgment might be rendered against the defendant, instead of as a pledge for the return of the chattel in the event it should be liable for a judgment for the purchase money.

Appeal from St. Francis Circuit Court; *Hance N. Hutton,* Judge; reversed.

*J. M. Prewett,* for appellant.

The court's declarations of law are erroneous.  If the deposit of the money was in effect the giving of a retaining bond with W. A. Fondren as surety, which is not admitted, still J. W. Fondren would not thereby be cut off from the right to controvert the existence of grounds of attachment.  Kirby's Digest, § 372.  And in no event could judgment be rendered against W. A. Fondren, the surety on the bond, in this action.  36 Ark. 91.  Even under the court's declaration of law the money deposit became, not a retaining bond, but an interpleader's bond (Kirby's Digest, § 425); and on this theory no judgment could be rendered on the bond against the interpleader in advance of a hearing of the interplea on its merits.

*S. H. Mann,* for appellee.

The court properly declared the law.  36 Ark. 91; 39 Ark. 460; Kirby's Digest, § 4968.

BATTLE, J.  Norton, being the owner of a promissory note executed by J. W. Fondren to B. D. Hatcher for $40 of the purchase money owing for one black stallion, named Black Hawk, brought an action on the same against J. W. Fondren before a justice of the peace of St. Francis County.  A summons for the defendant was issued, with order indorsed thereon, directing the constable to take possession of the horse and hold him subject to the order of the court.  The constable found the horse in possession of W. A. Fondren, and served the writ on him on the 9th day of January, 1906, the day it was issued, and took from him the horse, and, W. A. Fondren depositing with him the sum of $50 in lieu of bond, returned to him the horse.

W. A. Fondren claimed to be the owner of the horse by purchase from J. W. Fondren in March, 1905, about ten months before this action was brought.  On the return day of the summons W. A. Fondren interpleaded for the horse; and recovered judgment for the same before the justice of the peace; and the action was taken by the plaintiff to the circuit court.  In the circuit court the issues in the case were tried by the judge, sitting as a jury, upon an agreed statement of facts, and the court declared the law as follows:

"1.  The money in lieu of bond became such bond as the statute required in such cases, and was an absolute and unqualified bond to perform the judgment of the court.

"2.  That, after the deposit and discharge of property, plaintiff relinquished all right to property and could rely solely on the bond.

"3.  Plaintiff, having secured judgment against the original debtor, was entitled to the deposit of the money in satisfaction of his judgment."

And rendered judgment in favor of plaintiff against W. A. Fondren and ordered the constable to satisfy the judgment for $44.05 recovered against the defendant and the costs of the interplea with the $50.00 deposited with him, and to pay the residue thereof, if any, to W. A. Fondren, who appealed.

The statute provides that when the officer shall seize property in cases like this the defendant may give bond for the retention as in cases of orders of delivery of personal property. Kirby's Digest, § 4968.  "Such a bond, in effect, as well as in

terms, is absolute, to perform the judgment of the court." *May-field* v. *Creamer,* 39 Ark. 460. The constable in this case was not authorized to receive money in lieu of such bond. He had no right to release the horse except upon the condition prescribed by the statute. The money being received without authority, it did not become a substitute for the bond prescribed by the statute. The constable was liable to plaintiff for any damages he suffered by the return of the horse to W. A. Fondren, and the horse was still subject to seizure.

It is evident that W. A. Fondren did not intend that the money should be appropriated to the payment of any judgment recovered against J. W. Fondren. He could have accomplished the same end by paying the note sued on more expeditiously, and with less money than $50, the amount deposited, and saved interest. He obviously intended that the money should be held for the return of the horse, in the event it should be held liable for any judgment that should be recovered for the purchase money for which the note sued on was given. So the money was used in the manner it was without the authority of law or consent of parties.

The judgment of the circuit court is reversed, and the cause is remanded for a new trial.