ROGERS v. TRI-STATE MOTOR SALES COMPANY, INC.

Opinion delivered October 20, 1924.

ATTACHMENT—DELIVERY BOND—DISCHARGE OF SURETIES.—Where a delivery bond executed by defendant under Crawford & Moses' Dig., § 8731, was not conditioned as required by § 8649, that defendant should perform the judgment, but provided that the property should be "forthcoming and subject to the orders of the court," *held* that the sureties were discharged upon return of the property.

Appeal from Cross Circuit Court; *W. W. Bandy*, Judge; reversed.

*S. W. Ogan*, for appellant.

The attachment must have been sustained before any liability is incurred against the sureties upon the retaining bond. The condition of the retaining bond was fully performed. The liability of a surety on an attachment bond is created by and rests alone on the stipulations of the bond. Cyc. 4, vol. L. 840; 34 Ark. 542.

*Giles Dearing*, for appellee.

There was no attachment to sustain. Where personal property is sold and title retained, upon default, the vendor may bring replevin, or he may waive this right and elect to sue for the balance of the purchase price. 156 Ark. 319; 148 Ark. 151. Appellee's remedy is controlled by C. & M. Dig., § 8729, and it was not necessary to allege the ordinary grounds of attachment. 45 Ark. 136. The action instituted was not to enforce a lien, but to create one. 52 Ark. 450. The sureties on this bond are liable for the amount recovered in the action, without reference to whether the attachment was wrongfully

issued or not, and the attachment defendant is precluded from controverting the grounds of attachment. 39 Ark. 460; 48 Ark. 195.

SMITH, J. The Tri-State Motor Sales Company, hereinafter referred to as the company, sold an automobile to L. C. Rogers for the sum of $1,079, and, in payment therefor, Rogers executed two promissory notes, one for $359.72 and the other for $719.44. The title to the car was retained in the contract of sale and in the notes evidencing the debt.

Rogers failed to pay the notes when they fell due, and suit was filed to enforce payment, and it was there prayed: "That the sheriff of Cross County, Arkansas, attach and hold the said automobile herein described, and hold same subject to the orders of this court, and that a lien be by this court established upon said car, and that same be sold to satisfy the said debts."

The sheriff took possession of the car, whereupon Rogers executed the following bond: "We undertake and are bound unto the plaintiff, the Tri-State Motor Sales Company, Inc., and Commercial Acceptance Trust, in the sum of two thousand ($2,000) dollars, that the defendant, L. C. Rogers, shall perform the judgment of the court in this action, or that the undersigned will have the property attached in this action, or its value, one thousand and seventy-nine dollars, forthcoming and subject to the orders of this court, and for the satisfaction of such judgment." The sheriff approved this bond, and released the car to Rogers.

Upon the trial of this suit judgment was rendered in favor of the plaintiff for $1,018.86, and it was by the court adjudged that "a lien be and is hereby declared upon the said automobile, and that, if said debt be not paid, that said car be sold, * * *," and the proceeds of sale be applied to the payment of the judgment.

The car was sold under the judgment, and brought only $275. Thereafter the company sued Rogers and the sureties on his bond, set out above, and, upon the trial of this cause, judgment was rendered against the

sureties on the bond for the price of the car, less the proceeds from the sale, and the sureties have prosecuted this appeal.

Appellees rely on § 8731, C. & M. Digest, for the affirmance of this judgment. This section provides that the defendant in a suit of this character may give bond for the retention of the property as in cases of orders of delivery of personal property. The statute referred to, which prescribes the form of bond in cases of orders of delivery of personal property, is § 8649, C. & M. Digest, and this statute provides that the bond shall be "to the effect that the defendant shall perform the judgment of the court in the action."

It is only upon the execution of a bond with this condition that the defendant is entitled to have the property redelivered to him, and it will be observed that the bond here sued on was not so conditioned. The sureties did not undertake to perform the judgment except as an alternative if the automobile was not "forthcoming and subject to the orders of the court."

The auto was surrendered, and was sold under the orders of the court, and the condition of the bond was thus discharged. The company had the right to demand that the sheriff retain possession of the automobile until a bond was executed which conformed to the requirements of the statute; but the bond here sued on is, of course, the one which was executed, and not the bond which should have been required before the property was released.

The principle which controls here was announced in the case of *Fondren* v. *Norton*, 86 Ark. 410. That suit, like this, was one to enforce payment of a note given for the purchase price of the attached property. The property was found by the officer in the hands of a third party, who claimed to have purchased from the maker of the note. In lieu of a bond, the party in possession deposited with the officer a sum of money exceeding the value of the property. The trial court declared the law as follows: "1. The money in lieu of bond became such

bond as the statute required in such cases, and was an absolute and unqualified bond to perform the judgment of the court. 2. That, after the deposit and discharge of property, plaintiff relinquished all right to property, and could rely solely on the bond. 3. Plaintiff, having secured judgment against the original debtor, was entitled to the deposit of the money in satisfaction of his judgment." After rendering judgment in favor of the plaintiff for the amount of the note, the court directed that this judgment be satisfied out of the deposit in the hands of the officer. In reversing this judgment this court said: "The statute provides that, when the officer shall seize property in cases like this, the defendant may give bond for the retention as in cases of orders of delivery of personal property. Kirby's Digest, § 4968. 'Such a bond, in effect, as well as in terms, is absolute, to perform the judgment of the court.' *Mayfield* v. *Creamer,* 39 Ark. 460. The constable in this case was not authorized to receive money in lieu of such bond. He had no right to release the horse except upon the condition prescribed by the statute. The money being received without authority, it did not become a substitute for the bond prescribed by the statute."

The court further said that the owner of the money deposited with the officer obviously intended that the money should be held for the return of the horse (the property there attached) in the event it should be held liable for any judgment that should be recovered for the purchase money for which the note sued on was given, and that, in making the deposit, no consent was given that the money should be applied to the satisfaction of the debt if the horse was returned.

So here, the bond given was not conditioned as the statute required to secure the return of the property. The sureties obligated themselves to perform the judgment by paying the debt in the event only that the car was not returned, but, as the car was returned, the bond

was discharged, and the court was in error in rendering judgment against the sureties.

The judgment will therefore be reversed, and the suit against the sureties dismissed.